STATE OF IOWA, Appellee, v. O. C. OLSEN, Appellant.

CRIMINAL LAW: Appeal and Error—Appellate Jurisdiction—Void Judgment—Time Limit. Even though a judgment in a criminal cause be *void*, no jurisdiction is conferred upon the appellate court by a so-called appeal taken after the expiration of the six months allowed for an appeal. From *final* judgments only may appeals be taken in criminal causes, and overruling a motion for new trial is not a *final* judgment. Section 5448, Code Supplement, 1913.

*Appeal from Winneshiek District Court.*—W. J. SPRINGER, Judge.

TUESDAY, MAY 22, 1917.

DEFENDANT appeals from a judgment of conviction

founded upon a charge of the practice of medicine without a license.—*Appeal Dismissed.*

*E. W. Cutting* and *Goheen & Goheen,* for appellant.

*H. M. Havner,* Attorney General, *H. H. Carter,* Assistant Attorney General, and *C. N. Houck,* County Attorney, for appellee.

CRIMINAL LAW:
appeal and error: appellate
jurisdiction:
void judgment: time
limit.

GAYNOR, C. J.—On the 21st day of October, 1913, the grand jury of Winneshiek County, Iowa, returned an indictment against the appellant, charging him with unlawfully assuming the duties of a physician without having obtained a certificate as required by law.

On the 1st day of November, 1913, appellant filed his motion for a continuance, alleging that he was unable to attend court without serious injury to his health. On the same day, the State filed its resistance to the motion, and asked that a commission of physicians be appointed to examine him. By consent of parties, a commission was appointed, and on the 12th day of November, reported that, in its opinion, the defendant could attend court without detriment to his health. The record does not disclose any ruling on this motion.

On November 22, 1913, by consent of attorneys for appellant and the State, the presiding judge, together with one of the attorneys for appellant, the sheriff and the county attorney, went to the home of the appellant at Calmar, Iowa. (Calmar was not the county seat.) There the appellant announced that he pleaded guilty to the charge made against him. The court accepted the plea, and, having his calendar with him, thereupon made the following entry, which was afterwards spread upon the records of the court:

"Court met at Calmar, Iowa. The defendant appears in open court with his attorney. Says he is rightly named in the indictment and is duly arraigned. The defendant

also in person and by his attorney pleads that he is guilty of the charge made in the indictment, to wit, practicing as a physician without first having obtained a license. Judgment upon plea that the defendant is guilty of practicing as a physician without first having obtained a license. Defendant waives time for judgment. It is ordered and adjudged that defendant pay a fine of $300 and costs of this action, and that, in default of payment thereof, that the defendant be confined in the jail at Winneshiek County, Iowa, until said fine is paid, not exceeding at the rate of $3⅓ per day for each day's confinement. Bail on appeal fixed at $1,000."

Nothing further was done until the 22d day of November, 1914, at which time the defendant filed a motion for a new trial, in which he alleged his physical condition and said that, in view of the prejudiced position in which he was placed by the unfair and biased report of the examining physicians, his counsel recommended that he plead guilty, rather than to further endanger his life by being brought into court; that he was strongly urged by his counsel to plead guilty; that he maintained, and still maintains, that he did not violate the law and was not guilty, and was forced to plead guilty, and he asked that the records of the court made in the cause be set aside; that the verdict of guilty and the judgment thereon be set aside, and the cause stand as if no proceedings had been had or made of record therein, and the defendant given an opportunity to defend against said indictment. The State filed a resistance to this. Afterwards, on the 23d day of September, 1915, this motion for a new trial was overruled.

On the 20th day of March, 1916, the defendant served and filed his notice of appeal. The right of appeal is purely statutory. To invoke the appellate jurisdiction of this court, the statute must be followed. Section 5448 of the Code Supplement, 1913, provides:

"The mode of reviewing in the supreme court any judgment, action or decision of the district court in a criminal case is by appeal. An appeal can only be taken from the final judgment, and within six months thereafter."

The appeal from the judgment in this case, heretofore set out, was not taken within six months after the final judgment. It is claimed that the appeal is from this judgment. The appellate action of this court is invoked, and we are asked to review that judgment. It makes no difference whether the judgment be void or voidable. Appeal may be taken from an absolutely void judgment. See *Petty v. Durall,* 4 G. Greene 120, in which it is said:

"The right to appeal is by no means limited to legal judgments. The great object of an appeal is to show that the judgment is not legal."

The judgment appealed from was entered in 1913, and appeal was not taken until 1916. The State has challenged the jurisdiction of this court, and in so doing has followed the requirements of Section 4139 of the Code Supplement, 1913, which reads as follows:

"All objections to the jurisdiction of the court to entertain an appeal must be made in printed form stating specifically the ground thereof and served upon the appellant or his attorney of record not less than ten days before the date assigned for the submission of the cause."

We are without jurisdiction to entertain the appeal from the original judgment, whether that judgment be valid or otherwise. We are not permitted to determine the validity of the judgment, for the reason that we have no jurisdiction to do so. The statute limits the time in which a party may invoke the appellate jurisdiction of this court. The right to secure appellate review must be found in the statute, and must be invoked within the time limit placed by the statute.

It is contended, however, that this was not a final judg-

ment such as is contemplated by the statute; that the judg-ment is void. Then, if this be true, there is no judgment to appeal from, final or otherwise, and there is nothing for this court to review, because appellate jurisdiction is only given to review final judgments in criminal cases. In either event, there is nothing legally before this court for consideration. It surely cannot be contended that this appeal is from the action of the court in overruling the motion for a new trial. Motions for a new trial must be made before final judgment. Section 5425 of the Code of 1897. But on this proposition it is also argued that the judgment. is not final; that the judgment was void when rendered; therefore the motion for a new trial was not filed after the final judgment. If that be true, then it follows that, there being no final judgment entered against the defendant, there can be no appeal from the ruling on the motion for a new trial. A ruling on the motion for a new trial is not in itself a final judgment, and, therefore, not a judgment from which an appeal can be taken, under the provisions of Section 5448 of the Code Supplement, 1913.

However, we follow defendant's suggestion in argument, that this appeal is not from the ruling on the motion, but from the action of the court in entering the original judgment; so, in either case, we must dismiss the appeal for want of jurisdiction. We must dismiss the appeal from the judgment, because not taken within the time limited by the statute. We must dismiss the appeal from the action of the court in overruling the motion for a new trial, on the ground that it was not a final judgment. Only final judgments can be appealed from.

The controversy resolves itself into this: There is, or is not, a final judgment in this case, from which an appeal can be taken. If there is a final judgment from which an appeal can be taken, the appeal was not taken in time. If there is no final judgment, then there is nothing to ap-

peal from. Either horn of the dilemma involves the jurisdiction of this court, and, in either event, the jurisdiction of the court is wanting for failure to comply with the requirements of the statute.

Many things are discussed in the record, but what we have said is decisive of this appeal, and we are constrained to dismiss the same for want of jurisdiction to entertain it.—*Appeal Dismissed.*

WEAVER, PRESTON and STEVENS, JJ., concur.