STATE OF IOWA, Appellee, v. JOHN VAN ANDEL, Appellant.

No. 43784.

DECEMBER 15, 1936.

Howard Life and Miller, Everett & Miller, for appellant.

Edward L. O'Connor, Attorney General, Walter F. Maley, Asst. Attorney General, and Frank A. Nichol, County Attorney, for appellee.

PARSONS, C. J.—This case comes to us on a clerk's transcript of the record. The record shows that the defendant was indicted by the grand jury of Monroe county, for the larceny of domestic animals, 48 red pigs belonging to one Jager.

The trial was had to a jury and after the evidence was introduced the court instructed the jury, which returned a verdict of guilty. Motions for new trial and objections to instructions were overruled, and on the 11th day of April, 1936, judgment was entered on the verdict.

It appears also that notice of appeal was served on the 20th of April, 1936, and filed with the clerk of Monroe county on said date, which was within the time fixed by the statute. Subsequently, the defendant served another notice of appeal, on the 27th of June, 1936, which notice was served and filed with the clerk on that date. This was too late to have any effect, and was a nullity.

We have carefully examined the record as presented and find there is no error which would justify a reversal. However, on or about the 13th of October, 1936, the defendant made appli-

cation for an extension of time to file abstract of record. This was allowed by the order of the Chief Justice, made under the apprehension that the court had not lost jurisdiction, when in fact, under the statutes of this state and the rules of this court, the court had lost jurisdiction. The ruling of the court was afterwards set aside on motion of the State, as the court had lost jurisdiction of the case because defendant failed to do anything under the first appeal. No application for time was made until October, six months after the first appeal.

Section 13995 of the Code, as to criminal appeals, provides:

"An appeal can only be taken from the final judgment, and within sixty days thereafter."

So the case was in this court from the time of the filing of the first notice of appeal, April 20, 1936. The statutes further provide, by section 12845, that printed abstract shall be filed by the appellant in the office of the clerk of the supreme court.

By section 12847 it is provided:

"An abstract must be filed within one hundred twenty days except as hereafter provided after the appeal is taken and perfected unless further time is given before the expiration of said time by the supreme court or a judge thereof for good cause shown."

The appellant must stand in this court upon the record made. The first appeal was taken the 20th of April, 1936; the second appeal was taken the 27th day of June, 1936. The second appeal was 67 days after the entry of the judgment of conviction, and consequently not within the time provided by section 13995.

The second appeal added nothing to the right of the court to determine the matter, because appellant should have had his abstract on file prior to the lapse of 120 days from the filing of notice of appeal with the clerk of the district court. The defendant had not in any way observed Rule 32 of the court by serving upon the attorney general and the clerk of the supreme court notice to the effect that he desired to submit the same upon printed abstract, brief and argument.

This court then lost any jurisdiction to extend the time, and an order so made would be in excess of jurisdiction, as having been made improperly, and was properly set aside on a motion

filed for that purpose. Rule 32 of this court, among other things, provides as follows:

"The provisions of the code and rules of this court in civil procedure relating to the printing, serving, and filing of abstracts, denials, arguments, petitions for rehearing, notice thereof and of oral arguments, motions and resistances thereto, the certification of the record and the filing of decisions and opinions, shall apply in criminal cases in so far as the same are consistent with section 14004 of the code and this rule."

Rule 32 was amended, effective January 1, 1936, by adding to the end thereof, "and section 12847 of the Code shall apply to the filing of the abstract in a criminal case".

This amendment to Rule 32 does not affect this case for the reason that there was no attempt upon the part of the defendant to observe the provisions of the rule as amended or otherwise. Whatever might be the construction of this rule as amended, it could have no application here because under the statutes herein cited no attempt was made to comply with them, or with the provisions of Rule 32 of the court, by serving notice required of the intention to submit on printed abstract and brief and argument, so the case was properly submitted.

Section 14004, which is under the chapter on appeal of criminal cases, provides:

"The party appealing is the appellant, the adverse party the appellee, but the title of the action shall not be changed on the appeal, and the cause shall be so docketed at the commencement of the period assigned for trying causes from the judicial district from which the appeal comes, which causes shall take precedence of all other business, be tried at the term at which the transcript is filed, unless continued for cause or by consent of the parties, and be decided, if practicable, at the same term."

However, this is a criminal case. We have examined the record carefully and we are satisfied from the evidence that the defendant is guilty; that he stole the hogs involved in the action; that the jury rendered the correct verdict; that the case was fairly submitted, and therefore the judgment below is hereby affirmed, and it is ordered procedendo issue forthwith upon the filing of this opinion.—Affirmed.

All Justices concur.