LARRY E. FORD, appellant, v. STATE OF IOWA and CHARLES H. HAUGH, warden, appellees.

No. 51823.

(Reported in 138 N.W.2d 116)

November 16, 1965.

Robert H. Story, of Anamosa, for appellant.

Lawrence F. Scalise, Attorney General, Don R. Bennett, Assistant Attorney General, of Des Moines, and Robert R. Beckman, of Anamosa, for appellees.

Becker, J.—The facts giving rise to this habeas corpus action are as follows: Larry E. Ford, appellant, was convicted of

breaking and entering in the District Court of Polk County after trial by jury. On April 3, 1964, the District Court entered its judgment sentencing the appellant to a term of ten years. Appellant prepared, pro se, a notice of appeal for service on the county attorney, Polk County, which notice was marked for filing in the District Court of Polk County, sworn to on May 21, 1964, before notary public, A. B. Corne, director of admissions, Men's Reformatory, Anamosa, Iowa. In accordance with usual procedure the notice was left with Mr. Corne who delivered the notice of appeal to the warden's office the same day. Appellant's notice was not mailed from the institution until on or about June 5, 1964, at which time the filing of notice of appeal under Iowa law was beyond the sixty days allowed by statute. Acknowledgment of service of notice of criminal appeal by the Polk County Attorney in the original attempted appeal is dated June 29, 1964, as is the acceptance of service on the back thereof by the clerk of the Polk County District Court. On September 30 notice of desire to submit appeal on printed abstract, brief and record was served on the Attorney General by Thomas A. Renda, appellant's then court appointed attorney.

On October 7, 1964, the Attorney General filed motion to dismiss the appeal for want of jurisdiction because notice of appeal was not timely filed. That motion was sustained on October 19, 1964.

On January 22, 1965, petition for writ of habeas corpus was filed in Jones County District Court. Mr. Robert H. Story was court appointed counsel for appellant. Hearing was held on the same date.

Appellant testified that he received a statement from the Iowa Supreme Court that his appeal had been dismissed since it was received after the sixty-day time limit. He then contacted his counselor at the reformatory and was told that the notice had been mailed from the institution on the 5th or 6th day of June, 1964.

The trial court found that appellant's restraint and confinement was legal and dismissed the petition.

I. Habeas corpus may not be used in lieu of appeal. Thrasher v. Haynes, 221 Iowa 1137, 264 N.W. 915. We have held

that where notice of appeal was filed three years after final judgment this court was without jurisdiction to entertain the appeal. State v. Olsen, 180 Iowa 97, 162 N.W. 781. Also in State v. Van Andel, 222 Iowa 932, 270 N.W. 420, where the first notice of appeal was timely filed but a second notice was filed seven days late, the second notice was a nullity and jurisdiction based on the earlier notice was lost due to failure to file abstract within the proper time. Under such rulings the trial court acted properly in denying the writ of habeas corpus.

II. The holding in Division I disposes of this case. It does not dispose of the problem. We must determine under the whole record in this case, and the record in State v. Larry E. Ford, Criminal No. 51502, whether or not petitioner has been denied his constitutional rights. If our decision is affirmative, we must see to it that petitioner's constitutional rights are accorded to him.

"Since the federal courts have announced the principle that in habeas corpus proceedings they will examine the records and will go behind the records in courts of the various states to determine whether the petitioner's rights under the constitution of the United States have been denied him and so lack of jurisdiction in the state court appears, we think it is incumbent upon us to make the same examination for ourselves." Sewell v. Lainson, 244 Iowa 555, 566, 57 N.W.2d 556.

The papers in State v. Larry E. Ford include a letter from the Men's Reformatory at Anamosa to appellant's then attorney signed by John Spevacek, Correctional Counselor, the material part of which reads as follows:

"I am writing to you on behalf of my counselee, Larry Ford, who is your client. Mr. Ford informed me of the problem which you apparently face. It appears that his Appeal reached Polk County District Court at least four days late. In the letter Mr. Ford has shown me it is stated that this appeal arrived in Polk County Court on June 8th, four days late. In another letter it appears that these papers arrived on June 29th. In any event, institutional records show that Mr. Ford's Appeal and affidavit of poverty were both signed and notarized on May 21, 1964. However for some unexplained reason these papers were not

mailed from the institution until June 5th. Consequently they were mailed after the court's deadline. I must emphasize that this is not an oversight on Mr. Ford's part, but an error on the part of the institution. During this period there was some turmoil here at the institution in which it got overlooked."

The fact that this letter was received is attested to by Attorney Renda's affidavit.

This letter together with the testimony of Mr. Corne that the notice of appeal was given to him by appellant on May 21, 1964, and that it was the usual practice for the warden's secretary to forward such appeals to the various places they are supposed to go, demonstrates that the appellant, through no inaction of his own, had been denied the appeal to which he was entitled as a matter of right.

"* * * it should be noted that while the right of appeal was not known to common law and is entirely statutory (State v. Olsen, 180 Iowa 97, 99, 162 N.W. 781), yet where such right is given it is substantial, and an accused may not be deprived thereof by duress, coercion, fraud or trickery or by any other act or failure to act upon the part of the state which unfairly denies him his appeal. Boykin v. Huff, 73 App. D. C. 378, 121 F.2d 865; Cochran v. Kansas, 316 U. S. 255, 62 S. Ct. 1068, 86 L. Ed. 1453." Sewell v. Lainson, supra.

The defendant is entitled to an actual appellate determination of the merits of his original conviction according to the procedure prevailing in this State in ordinary cases. Dowd v. United States ex rel. Cook, 340 U. S. 206, 71 S. Ct. 262, 95 L. Ed. 215. See also Streit v. Lainson, 249 Iowa 916, 88 N.W.2d 638, where we held that petitioner did not sustain his burden of proof that such denial occurred. Hence we did not face the question now before us, namely, the jurisdiction of this court to entertain a delayed appeal.

Constitution of the State of Iowa, Article 5. *"Jurisdiction of supreme court.* SEC. 4. The Supreme Court shall have appellate jurisdiction only in cases in chancery, and shall constitute a Court for the correction of errors at law, under such restrictions as the General Assembly may, by law, prescribe; and shall have power to issue all writs and process necessary to secure justice

to parties, and exercise a supervisory control over all inferior Judicial tribunals throughout the State."

Section 793.1 "Office of appeal—who may appeal. The mode of reviewing in the supreme court any judgment, action, or decision of the district court in a criminal case is by appeal. Either the defendant or state may appeal." Code, 1962.

Section 793.2 "Time of taking—from final judgment only. An appeal can only be taken from the final judgment, and within sixty days thereafter." Code, 1962.

The power of this court to act under section 793.2 must be interpreted within the framework of the germane constitutional provisions, both state and federal. While we have held we were without jurisdiction to entertain a delayed appeal, we have in fact passed upon the merits of appellate questions. See State v. Van Andel, supra, at page 934 of 222 Iowa, where after stating that we were without jurisdiction to allow the appeal we said:

"However, this is a criminal case. We have examined the record carefully and we are satisfied from the evidence that the defendant is guilty; * * * therefore the judgment below is hereby affirmed, and it is ordered procedendo issue forthwith upon the filing of this opinion."

While the habeas corpus proceedings have served to focus our attention on this problem, the principal case, State v. Larry E. Ford, contains the records necessary to assert the rights growing out of the ordinary appellate process. Appellant has been convicted of a crime upon evidence which is not before us. See annotation at 19 A. L. R.2d 789, 803. We should entertain a delayed appeal where the grounds seeking to excuse the delay set forth a denial of a constitutional right in the appellate process due to malfeasance or misfeasance of the State or its agents.

We therefore hold that an application for delayed appeal may be entertained by this court in criminal cases on a proper showing by affidavit, or such other means as the court shall prescribe, that failure to allow a delayed appeal will deny the party his constitutional rights by reason of some act, or failure to act, upon the part of the State.

In making this pronouncement we reiterate what has been said by JUSTICE LARSON, as follows:

" 'In order to show deprivation of the right to appeal * * * it must be made to appear that specific wrongful statements or conduct, enforcement of arbitrary rules or enforcement of the law or rules in an unreasonable or arbitrary manner on the part of detention authorities had the effect of preventing a prisoner from complying with the conditions and procedure prescribed by law for the taking or perfection of an appeal.' " Streit v. Lainson, supra, at page 920 of 249 Iowa.

Petitioner has the burden to produce evidence clearly showing that he was prevented from proceeding according to law and approved practice by a wrongful act or omission by the authorities.

Since we hold that such showing had been made in this case, an application for a delayed appeal in Criminal No. 51502, State v. Larry E. Ford, will be honored if filed within sixty days of the filing of this opinion. Affidavits or other proofs ordinarily necessary as indicated above will not be required to sustain the right to delayed appeal in Criminal No. 51502 for the reason that such proofs have been before this court in this case.

The judgment of the trial court is affirmed. Acknowledgment of actual receipt of a copy of this opinion shall be procured by the clerk of this court from Mr. Robert H. Story, petitioner's present attorney, and from petitioner, or in lieu thereof a copy of this opinion shall be served on petitioner and his attorney, and proof of said service returned to this court.—Affirmed.

All JUSTICES concur.