STATE OF IOWA, appellee, v. R. J. SPILLANE, a/k/a R. J. (Dick) SHANE, appellant.

No. 52419.

(Reported in 150 N.W.2d 595)

MAY 2, 1967.

R. J. Spillane, pro se.

Richard C. Turner, Attorney General, for appellee.

PER CURIAM—Defendant, R. J. Spillane, also known as R. J. (Dick) Shane, was charged by county attorney's information with obtaining money under false pretenses in violation of Code section 713.1. On arraignment the trial court appointed counsel requested by defendant. Thereafter a plea of guilty as charged was entered. The record discloses the attorney had conferred at length with defendant and that the trial court carefully advised defendant a plea of guilty was being entered and asked him if he understood and agreed to such a plea. His answer was in the affirmative. Defendant stated: "Well, I am guilty of it." After some presentence investigation, including defendant's past record, defendant was sentenced on July 21, 1966, to an indeterminate term not to exceed seven years in the men's penitentiary at Fort Madison.

On September 20, 1966, at Fort Madison, Lee County, Iowa, defendant signed before a notary public a "motion of appeal." It was later filed with the clerk of the Wapello District Court. Nothing has been filed by defendant in this court. We have only the clerk's transcript and a transcript of the proceedings when the plea of guilty was entered and defendant sentenced. The record before us reveals no error.

Code section 793.2 provides appeals in criminal cases must be taken within sixty days after final judgment.

Section 793.4, Code 1962, 1966, provides: "Taking and perfecting. An appeal is taken and perfected by the party or his attorney serving on the adverse party or his attorney of record

in the district court at the time of the rendition of the judgment, a notice in writing of the taking of the appeal, and filing the same with such clerk, with evidence of service thereof indorsed thereon or annexed thereto."

Defendant's attempt to appeal was more than sixty days after his sentence. No party or attorney was served. The "motion of appeal" contains no evidence of service thereof.

Defendant attempted to appeal by filing notice thereof in the manner provided by rule 336, Rules of Civil Procedure, governing appeals in civil cases, rather than by serving notice as required by section 793.4, applicable in criminal cases. An appeal in a criminal case cannot be taken and perfected by filing notice of appeal with the clerk of the court. Rule 336 has no application to appeals in criminal cases, which are governed by section 793.4. State v. Thomas, 238 Iowa 998, 999, 29 N.W.2d 198, 199; State v. Fees, 250 Iowa 163, 165, 93 N.W.2d 103, 104. Notice of appeal was attempted more than sixty days after final judgment.

This court under the record is without jurisdiction to consider defendant's appeal. State v. Olsen, 180 Iowa 97, 162 N.W. 781; State v. Bufford, 231 Iowa 1000, 2 N.W.2d 634; State v. Thomas and State v. Fees, both supra; Ford v. State of Iowa, 258 Iowa 137, 138 N.W.2d 116.

Appeal dismissed.