Herbert Eugene **BLANCHARD**, Appellee,

v.

**Lou V. BREWER**, Warden, Appellant.

No. 20101.

United States Court of Appeals,
Eighth Circuit.

July 21, 1970.

David A. Elderkin, Asst. Atty. Gen., of Iowa, Des Moines, Iowa, for appellant; Richard C. Turner, Atty. Gen., Des Moines, Iowa, on the brief.

Before VOGEL, HEANEY and BRIGHT, Circuit Judges.

VOGEL, Circuit Judge.

Appellant (the State of Iowa) presents this court with the question of whether it may deny a criminal appeal to appellee, Blanchard, solely because of improper service of the appeal notice, although the State had actual notification of the filing. We hold it cannot, and affirm.

Blanchard was originally convicted of criminal solicitation in the Iowa State District Court and sentenced to a term not to exceed five years on February 14, 1968. He immediately requested his personally selected and retained attorney, an experienced member of the Iowa bar, to appeal. The attorney agreed to file proper notices but contacted another member of the bar to present written and oral argument on the appeal.

The attorney verbally conveyed notice of appeal to the Assistant County Attorney who prosecuted the case and filed written notice on March 12, 1968. A certified copy of that notice was forwarded to the Attorney General's office on March 13, 1968. Furthermore, on March 14th, a transcript of all written entries in the case was forwarded to the Iowa Supreme Court. However, no written notice of appeal was formally served on the Assistant County Attorney, as required by Iowa law.[1]

Subsequently, the Assistant County Attorney checked the court file to see if notice of appeal was filed. He saw the notice but did not acknowledge service thereof, although he was fully aware of

---

1. Iowa Code Annotated § 793.4 reads:
   "An appeal is taken and perfected by the party or his attorney serving on the adverse party or his attorney of record in the district court at the time of the rendition of the judgment, a notice in writing of the taking of the appeal, and filing the same with such clerk, with evidence of service thereof indorsed thereon or annexed thereto."
   His attorney filed notice pursuant to Iowa's Civil Code, which merely requires filing with the clerk of court, who will then serve copies on the adverse parties. See Iowa Civil Code Annotated § 336.

its existence and had talked with appellee's attorney regarding it. On April 26, 1968, motion was made by the Assistant Attorney General to dismiss the appeal for failure to serve properly. The motion was sustained by the court on July 29, 1968. An attempt for permission to enter a delayed appeal was summarily denied on August 16, 1968.

Blanchard then attempted to extradite his position through state habeas corpus proceedings. His attorney candidly admitted he was not familiar with the requirements for criminal appeals in Iowa. He also added that customarily he always appealed according to the civil code and the appeals were never dismissed. However, in spite of the claims, the petitions were ultimately denied, the Supreme Court of Iowa, by a divided vote, holding the notice requirements to be jurisdictional. See, Blanchard v. Bennett, Iowa, 1969, 167 N.W.2d 612. Blanchard thereupon commenced proceedings in the United States District Court for the Southern District of Iowa. That court, Stephenson, Chief Judge, granted his petition and ordered Iowa either to resentence him so that he could properly effect an appeal, or, alternatively, to release him. From this order Iowa appeals.

Iowa contends that the court erred by holding appellee was denied effective assistance of counsel because of counsel's failure to comply with the notice requirements of § 793.4 and that the State of Iowa in no way contributed to his denial of counsel. More specifically, Iowa maintains only gross misconduct on the part of retained counsel, such as a complete failure to commence an appeal, e.g., Atilus v. United States, 5 Cir., 1969, 406 F.2d 694, or affirmative coercion on the part of the state forcing a man to abandon his right of appeal, e.g., Ford v. State, 1965, 258 Iowa 137, 138 N.W.2d 116, constitute an effective denial of due process by requiring a criminal defendant to relinquish appellate review. It is argued that counsel's erroneous but good-faith attempted service and Iowa's mere acquiescence therein are not sufficient basis for violation of due process in this factual situation. We disagree.

Under certain circumstances failure to perfect an appeal is denial of effective counsel. Leventhal v. Gavin, 1 Cir., 1968, 396 F.2d 441. See, also, Entsminger v. Iowa, 1967, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed.2d 501. Indeed, failure by appointed or retained counsel to commence the simple steps for appeal is a blatant denial of due process. Atilus v. United States, supra, 406 F.2d 694; Williams v. United States, 8 Cir., 1968, 402 F.2d 548; Wainwright v. Simpson, 5 Cir., 1966, 360 F.2d 307. Distinctions between gross or simple negligence on the part of counsel, or between retained or appointed counsel, or between active or passive negligence on the part of the state are immaterial. Whether counsel's conduct is classified as gross or excusable negligence or whether the state's activity is classified as passive or active is irrelevant, since in either case appellee has been denied effective and complete appellate review through no fault of his own. Compare, Shipman v. Gladden, Or., 1969, 453 P.2d 921 (notice of appeal served on opposing counsel but not timely filed) with Williams v. United States, supra, 402 F.2d 548 (where counsel did not even commence appellate proceedings). In *Shipman*, the Supreme Court of Oregon stated at page 925 of 453 P.2d:

"The failure to perform the simple procedure of timely filing a notice of appeal is not the 'effective' assistance of counsel required by Powell v. Alabama [287 U.S. 45, 53 S.Ct. 55, 77 L. Ed. 158], nor the diligent advocacy required by Anders v. California [386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493]. The failure of counsel to timely file a notice of appeal after he has been requested or agreed to do so is incompetence as a matter of law and a denial of due process. This is equally true whether the negligent counsel has been appointed or retained. The 'invidious discrimination' is not between the rich who can hire counsel and the poor for whom counsel must be ap-

pointed, but between those who are represented by competent counsel and those whose counsel prove to be grossly incompetent or culpably negligent."

In *Williams*, Chief Judge Van Oosterhout, speaking for this court, said at page 552 of 402 F.2d:

> *"It is our view that Williams was abandoned by his court-appointed counsel during the period allowed him for taking an appeal. If it can be said that counsel was nominally acting for him, the result would be no different.* It is undisputed that on the day after sentence Williams unequivocally advised his counsel of his desire to appeal and that he had consistently maintained such a position. The record clearly shows that Mr. Howard understood that Williams desired to appeal. (Emphasis supplied.)

> "The failure of counsel to take the simple steps required to file a notice of appeal when instructed by his client to do so would, as stated by the District of Columbia Circuit in Dillane v. United States, 121 U.S.App.D.C. 354, 350 F.2d 732, constitutes 'such an extraordinary inattention to a client's interests as to amount to ineffective assistance of counsel cognizable under Section 2255.' See Hines v. United States, 237 A.2d 827, D.C.Ct.App.; People v. Shockey, 25 Ill.2d 528, 185 N.E.2d 893, 897 (dissenting opinion Justice Shaefer). The holding of the majority in the case last cited was reversed in Shockey v. Illinois, 375 U.S. 22, 84 S.Ct. 83, 11 L.Ed.2d 43.

> "We hold Williams was deprived of his constitutional right to effective assistance of counsel at the critical time between sentence and the expiration of time to appeal and that he was thereby deprived of his constitutional right to appellate review of his conviction."

The real question, therefore, is whether the treatment afforded the accused by the state so invidiously classifies him as to shock the conscience and consequently to violate due process. See, United States ex rel. Maselli v. Reincke, 2 Cir., 1967, 383 F.2d 129; Shipman v. Gladden, supra, 453 P.2d 921. We hold the present case falls within that narrow area.

Examining the record as a whole, we note that: (1) Appellee desired to appeal and did all in his power as a layman to perfect his appeal; (2) appellee's attorney attempted to appeal but failed to serve written notice thereof on the Assistant County Attorney, although he did verbally communicate the information as to the appeal to such official; (3) the Assistant County Attorney knew of the appeal and even saw the actual notice but did nothing; (4) the Attorney General of the State of Iowa received written notice of the appeal; (5) while Iowa engaged in no *affirmative* misconduct to deny appellee his appeal rights, it took prompt advantage of the appellee's attorney's minor procedural mistake by summarily dismissing the appeal, even though its representatives were well aware of the notice of appeal and it was in no way prejudiced, harmed or delayed by the omission to serve such notice.

In Chief Judge Stephenson's carefully considered opinion, he stated in conclusion:

> "It is the view of this Court that when all the circumstances presented by this case are considered as a whole, it must be concluded that the state has contributed to the loss of petitioner's appellate rights in violation of Section 1, Article XIV, Amendments to the Constitution of the United States of America. This is not to say there is any one act or omission on the part of the state or its officers here, in and of itself, sufficient to constitute such a violation. Nevertheless, the result is unjust. Petitioner should not be denied his right to appeal which was improperly perfected under the circumstances present here."

█ We agree with Judge Stephenson and find that in the exceptional circumstances present here, the appellee was denied due process and not afforded fair

treatment by either his attorney or the State of Iowa.

The decision and order of the District Court are in all respects affirmed.

BRIGHT, Circuit Judge (concurring).

I concur in the result. I believe the failure of defendant's counsel to perfect an appeal by following the simple procedures mandated by § 793.4 of the Iowa Code, including service of the notice of appeal upon adverse counsel, deprived defendant of effective assistance of counsel within the rule of Williams v. United States, 402 F.2d 548, 552 (8th Cir. 1968), and I affirm solely on that ground. I am not, however, prepared to say in this case that the prosecutor's failure to guide or correct defense attorney's steps in taking an appeal contributed to an invasion of the defendant's constitutional rights. The duty to take and perfect an appeal on behalf of the client rested upon the defendant's counsel.