**Rose Bud BIGGLES, Petitioner,**

v.

**Louis BREWER, Warden Iowa State Penitentiary at Fort Madison, Iowa, Respondent.**

**Civ. No. 74-155-2.**

United States District Court, S. D. Iowa, C. D.

Aug. 5, 1974.

Robert A. Wright, Des Moines, Iowa, for petitioner.

Richard C. Turner, Atty. Gen. of the State of Iowa and Thomas D. McGrane, Asst. Atty. Gen., Des Moines, Iowa, for respondent.

ORDER

HANSON, Chief Judge.

The Court has before it an Application for a Writ of Habeas Corpus filed on behalf of Rose Bud Biggles on June 20, 1974. The petitioner states that he was convicted in December 1971 in Polk County District Court for the crime of carrying a concealed weapon, and was subsequently sentenced as an habitual criminal. While the Court has had some difficulty discerning the true nature of petitioner's grievance, his complaint appears to assert that unconstitutional methods were utilized in the trial court to establish his prior convictions for purposes of the habitual criminal statute. Additionally, petitioner states that he requested the appointment of counsel in order to appeal his conviction 17 days after sentencing, and that counsel was not appointed until 46 days later—3 days after the state deadline for a timely appeal. Chapter 793.2, Code of Iowa, 1973. Two subsequent attempts to file a delayed appeal were denied by the Iowa Supreme Court. The thrust of petitioner's application is that his present restraint in the Iowa State Penitentiary at Fort Madison is illegal.

The United States Supreme Court, in Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973), has stated:

" . . . We hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or more speedy release from that imprisonment, his sole federal remedy is a writ of habeas corpus."

Before the petitioner can pursue a writ of habeas corpus in the federal

courts, he must exhaust his remedies in the state courts of Iowa. Title 28, U.S. C. § 2254(b) provides:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."

It is evident from the pleadings that the post-conviction relief provisions of Chapter 663A of the Code of Iowa, 1973, have not been utilized by the petitioner. This omission forecloses the possibility of federal consideration of petitioner's claims at this time. Because the rather unusual circumstances of this case have made this Court's decision a difficult one, the reasons for this conclusion will be set out in some detail.

Considering first any claims relating to the constitutionality of petitioner's state court conviction, it is clear that Chapter 663A is not available to relitigate issues which have been unsuccessfully urged on appeal. State v. Jackson, 199 N.W.2d 102 (Iowa 1972). Records of the Iowa Supreme Court proceedings in this case reveal, however, that the court simply denied petitioner the opportunity to present his late appeals. While this disposition would seem proper under the view that the appellate procedures enunciated in Chapter 793 of the Iowa Code must be followed to confer jurisdiction upon the Supreme Court, see State v. Coughlin, 200 N.W.2d 525 (Iowa 1972); State v. Spillane, 260 Iowa 779, 150 N.W.2d 595 (1967); State v. Anderson, 245 Iowa 99, 60 N. W.2d 794 (1953); pertinent authority exists under the Iowa cases allowing the Supreme Court to consider the merits of a case notwithstanding a failure to comply with Chapter 793. See Ford v. State, 258 Iowa 137, 138 N.W.2d 116 (1965); State v. Van Andel, 222 Iowa

932, 270 N.W. 420 (1936). In any event, the Supreme Court did not rule on the merits of petitioner's trial-related claims. Because the issues relating to the original conviction have yet to be considered on the state level, and because an available state alternative exists, this Court must stay its hand.

Petitioner also asserts that the state, through dilatory appointment of counsel after the December 1971 trial, deprived him of the opportunity to appeal his conviction. The Iowa Supreme Court has specifically recognized that such a deprivation can have constitutional ramifications which override the statutory ban on instituting an appeal later than sixty days after sentencing. In Ford v. State, *supra*, that court stated:

We should entertain a delayed appeal where the grounds seeking to excuse the delay set forth a denial of a constitutional right in the appellate process due to malfeasance or misfeasance of the state or its agent.

138 N.W.2d at 119. Upon consideration of the facts in *Ford*, the Iowa Supreme Court allowed the filing of a delayed appeal.

Petitioner's complaint states facts which could have constitutional significance in this context. However, the proper procedure for presenting those facts is compliance with Chapter 663A. Again, no state court has had the opportunity to consider this claim.

In Blanchard v. Brewer, 318 F.Supp. 28 (S.D.Iowa 1969), affd. 429 F.2d 89 (8th Cir. 1970), Judge Roy L. Stephenson ably considered the constitutional consequences the Iowa Supreme Court's denial of a late appeal can entail. In granting habeas corpus relief in that case, Judge Stephenson expressly noted that each argument presented to him was "previously presented to the Lee County Iowa District Court in a petition for a writ of habeas corpus filed in that court." 318 F.Supp. at 29. No such prior presentation has been made in this case. Thus, the doctrine of exhaustion of state remedies precludes review.

Because petitioner has failed to exhaust available state remedies, this Court cannot hear the application for writ of habeas corpus at this time. This refusal implies no judgment as to whether this cause of action may or may not be meritorious, but only indicates to the petitioner that he should be pursuing his remedies to completion in the state court before pursuing a federal application for writ of habeas corpus.

It is ordered that this cause be dismissed.