**STATE of Iowa, Appellee,**

v.

**SEARCH WARRANT.**

**STATE of Iowa, Appellee,**

v.

**Bruce Alan RIEKS, Appellant.**

**No. 57895.**

Supreme Court of Iowa.

Nov. 12, 1975.

Rehearing Denied Dec. 11, 1975.

Robert E. Mahan, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., Thomas D. McGrane, Asst. Atty. Gen., and David J. Dutton, County Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REES and McCORMICK, JJ.

RAWLINGS, Justice.

Defendant, Bruce Alan Rieks, attempts to appeal from final adjudication by Black Hawk District Court denying rehearing on a previously ordered forfeiture of money seized in the exercise of a search warrant. This adjudication was entered September 26, 1974, but notice of appeal was not given until November 26, 1974.

I. At the outset it is understood our review is confined to forfeitures standing alone. See Code Ch. 751. In other words, such proceedings, when included in criminal actions, are not here involved. See Code § 127.7.

Mindful of the foregoing, we look first to *State v. Merchandise Seized*, 225 N.W.2d 921, 924 (Iowa 1975), wherein this court held forfeiture proceedings are quasi-criminal in rem.

And in *State v. One Certain Conveyance, 1971 Honda 350, Etc.*, 211 N.W.2d 297, 301 (Iowa 1973), we stated:

"[O]nly a preponderance of evidence is required to establish a right to forfeiture. (Citation). Furthermore, the state may secure relief from an adverse result by appeal. (Citations). These statements, and others like them, establish forfeiture actions cannot be classified as criminal proceedings."

This court has also said forfeiture proceedings and criminal actions are separate and independent. See *State v. Kaufman*, 201 N.W.2d 722, 724 (Iowa 1972).

Regardless of the label applied we are satisfied and now hold, forfeiture proceedings standing alone, though quasi-criminal in nature, are civil in form. See *United States v. Regan*, 232 U.S. 37, 34 S.Ct. 213, 58 L.Ed. 494 (1914); *Compton v. United States*, 377 F.2d 408, 411 (8th Cir. 1967); 36 Am.Jur.2d, Forfeitures and Penalties, § 71; 37 C.J.S. Forfeitures § 5e.

It therefore follows that where, as here, a forfeiture proceeding is conducted separate and apart from a criminal action, the civil element is procedurally determinative and appeal right to this court must be accordingly determined.

Consequently, Iowa R.Civ.P. 335 is applicable. It requires an appeal be taken in civil cases within 30 days of final adjudication and failure to do so negates this court's jurisdiction to entertain the matter. See *Union Trust & Sav. Bank v. Stanwood Feed & Grain, Inc.*, 158 N.W.2d 1; 3 (Iowa 1968).

Furthermore, Code § 4.1(23) provides the applicable method for computation of the aforesaid 30 day period. By excluding the first day and including the last, which was Saturday, October 26, 1974, the instantly involved appeal right terminated October 28, 1974. Thus the aforesaid notice of appeal was given 29 days late. See *Zick v. Haugh*, 165 N.W.2d 836 (Iowa 1969).

In light of the foregoing, this appeal must be dismissed.

II. On the other hand, the same result would obtain even though forfeiture proceedings were determined to be criminal both in nature and form.

In this regard, § 793.2 requires appeals in criminal cases be taken within 60 days of final judgment and failure to do so bars this court's jurisdiction to hear the matter, absent disclosed compelling due

process requirements. See *Blanchard v. Brewer*, 429 F.2d 89 (8th Cir. 1970), cert. denied, 401 U.S. 1002, 91 S.Ct. 1224, 28 L.Ed.2d 535 (1971); *Ford v. State of Iowa*, 258 Iowa 137, 138 N.W.2d 116 (1965).

Here again the formula prescribed by § 4.1(23), noted above, would apply. By excluding the first day and including the last (there being 31 days in October) the instantly involved appeal right would end November 25, 1974. Upon this basis the notice of appeal was here given one day late. See *Zick v. Haugh, supra*.

■ Finally, our review of the record reveals no cause whatsoever is shown by Rieks for his tardiness in giving the appeal notice, nor is any alleged in the brief here filed by him. Under these circumstances we would in no event have jurisdiction to entertain this attempted appeal. See *State v. Birchall*, 260 Iowa 756, 150 N.W.2d 715 (1967); *State v. Spillane*, 260 Iowa 779, 150 N.W.2d 595 (1967).

Appeal dismissed.