Lawrence Leon CLEESEN, Appellant,

v.

STATE of Iowa, Appellee.

No. 59648.

Supreme Court of Iowa.

Oct. 19, 1977.

full and complete evidentiary hearing. He contends he was entitled to postconviction relief because of juror bias and ineffective assistance of counsel. The trial court found he failed to meet his burden of proving these contentions by a preponderance of the evidence.

Petitioner-appellant was charged, tried and convicted of assault with intent to commit murder. On May 13, 1974 he was sentenced to a term not to exceed 30 years at the Fort Madison Penitentiary. No direct appeal was ever perfected.

On August 14, 1975 a pro se application for postconviction relief was filed pursuant to the provisions of Code chapter 663A. Thereafter counsel was appointed and a supplemental application was filed April 5, 1976. Relief was denied following a one-day hearing held April 27, 1976.

I. The evidence presented at the hearing is inconclusive at best. Voir dire examination was not reported. Petitioner and his girl friend testified one juror who said she was concerned about the use of weapons and another who stated he was concerned about doing his farm chores were seated. Trial defense attorney, Charles Glenn, testified he was unable to recall if either served as a juror.

The prosecutor by affidavit (section 663A.7) stated:

"That I was present during jury voir dire of this matter and that although certain potential jurors did state that they could not be fair, no such jurors making said statements sat in judgment of the Petitioner, all being removed either by challenges for cause or by other legal challenges on the part of the State and the defense counsel."

■ Since petitioner has alleged violations of basic constitutional safeguards, we are obliged to make our own independent evaluation of the totality of the circumstances shown by the entire record under which the postconviction court's ruling was made. *Watts v. State,* Iowa, 257 N.W.2d 70, 71; *Jackson v. Auger,* Iowa, 239 N.W.2d 180, 182.

Robert .P. Malloy, of Larson & Malloy, Goldfield, for appellant.

Richard C. Turner, Atty. Gen., and Phillip L. Krejci, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and REYNOLDSON, JJ.

MOORE, Chief Justice.

Petitioner appeals the denial of his application for post-conviction relief following a

Clearly the burden of proof in post-conviction relief actions brought pursuant to Code Chapter 663A is on the petitioner who must establish the facts asserted by a preponderance of the evidence. Section 663A.7; *Watts v. State,* supra; *Parsons v. Brewer,* Iowa, 202 N.W.2d 49, 52.

Our independent evaluation of the record convinces us petitioner's claim of juror bias is untenable. We hold petitioner did not prove he was denied a fair trial because of juror bias.

II. Petitioner-appellant also contends the postconviction court erred in failing to find he was denied effective assistance of counsel because attorney Glenn failed to protect his right to appeal. We disagree.

Admittedly the right to counsel means effective assistance of an attorney. *Zacek v. Brewer,* Iowa, 241 N.W.2d 41, 51; *Ogden v. State,* Iowa, 215 N.W.2d 335, 337. The benchmark is whether under all the circumstances counsel's performance was within the range of normal competency. *Zacek v. Brewer,* supra, 241 N.W.2d at 51; *State v. Townsend,* Iowa, 238 N.W.2d 351, 357. To warrant finding a deprivation of due process, such circumstances must include an affirmative factual basis demonstrating counsel's inadequacy of representation. *State v. Massey,* Iowa, 207 N.W.2d 777, 780, and citations.

Our independent evaluation of the record convinces us the postconviction court was correct regarding petitioner's claim. We find petitioner was fully advised of his appeal rights by both the trial court and his attorney. The attorney informed him there were no grounds for appeal but stated he would pursue the matter if so directed. Thereafter he neither directed nor requested Mr. Glenn to pursue an appeal to this court.

We hold petitioner did not sustain his burden of proof on this ground either. See *Jackson v. Auger,* supra, 239 N.W.2d at 183, 184.

III. Cleesen's brief and argument presents to this court for the first time, what must be construed as an application for a delayed appeal. Sentence was imposed on May 13, 1974 and the judgment was filed on May 16, 1974. To date no notice of appeal has ever been filed.

The time for taking a criminal appeal is governed by Code section 793.2, which provides: "An appeal can only be taken from the final judgment, and within sixty days thereafter."

Since 1967, this court has required trial courts to advise defendants of their right to appeal and that failure to do so within 60 days "shall be deemed a voluntary waiver" of the right to appeal. Supreme Court Rule 15.1. Defendant concedes trial court properly advised him of his appeal right but contends he should be permitted to file a delayed appeal because his attorney failed to pursue the matter as he directed at time of sentencing. For the reasons hereinafter set forth, we disagree.

It is well established that the taking of a criminal appeal within the prescribed time requirements is both mandatory and jurisdictional and failure to comply requires dismissal of the appeal. *United States v. Robinson,* 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259; *State v. Clayton,* Iowa, 217 N.W.2d 685, 687; *State v. Spillane,* 260 Iowa 779, 781, 150 N.W.2d 595, 596; *State v. Birchall,* 260 Iowa 756, 757, 150 N.W.2d 715, 716. Also see *United States v. Miles,* 4th Cir., 510 F.2d 1362; *United States v. June,* 8th Cir., 503 F.2d 442. This rule has been subject to an exception where the defendant has made a good faith effort to perfect his appeal and has directed his attorney to proceed therewith but due to a technical irregularity the appeal was either filed late or notice was improperly served. *Blanchard v. Brewer,* 318 F.Supp. 28 (S.D. Iowa 1969), aff'd 429 F.2d 89 (8th Cir. 1970), cert. denied, 401 U.S. 1002, 91 S.Ct. 1224, 28 L.Ed.2d 535 (1970); *Biggles v. Brewer,* 384 F.Supp. 1 (S.D.Iowa 1974); *Horstman v. State,* Iowa, 210 N.W.2d 427, 429; *State v. Wetzel,* Iowa, 192 N.W.2d 762, 764; *State v. Horsey,* Iowa, 180 N.W.2d 459, 460; *Ford v. State,* 258 Iowa 137, 140, 138 N.W.2d 116, 118.

After reviewing all the facts of this case it is manifest defendant has not brought himself within this exception. Although the trial court fully complied with Supreme Court Rule 15.1 defendant showed no inclination to file an appeal until over one year later after his incarceration in the penitentiary. Defendant strongly asserts that he told his attorney he wanted to pursue an appeal. At the application for post-conviction relief hearing Charles Glenn, his original trial counsel, denied this allegation and stated he told Mr. Cleesen he did not believe there were grounds for an appeal and that Cleesen concurred but it was agreed that if an appeal was desired Glenn would be contacted. However, no contact was made until June 11, 1975, 13 months after sentence was imposed.

We conclude there was no good faith effort to comply with the time limitation regarding perfection of a criminal appeal. There being no unique facts excusing non-compliance with the statute, this court has no jurisdiction to entertain a delayed appeal.

We affirm trial court's judgment denying postconviction relief and deny grant of a delayed appeal.

AFFIRMED.