# IN THE COURT OF APPEALS OF IOWA

No. 21-1731
Filed October 2, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL AARON DUTCHER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Jones County, Fae Hoover Grinde,

Judge.


        Michael Dutcher challenges the sentencing procedure following his guilty

plea.  **AFFIRMED.**


        John J. Bishop, Cedar Rapids, for appellant.

        Brenna Bird, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee.


        Considered by Ahlers, P.J., Badding, J., and Danilson, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2024).

**DANILSON, Senior Judge.**

Michael Dutcher pled guilty to two counts of murder in the first degree, class "A" felonies; kidnapping in the second degree, a class "B" felony; and attempted murder, a class "B" felony, for his role in a botched prison escape that resulted in the death of a correctional officer and infirmary nurse. Dutcher now appeals, claiming the sentencing court failed to substantially comply with Iowa Rule of Criminal Procedure 2.23(3)(a).[1] We affirm.

## I.     *Delayed Appeal*

As a preliminary issue, we consider whether to grant Dutcher a delayed appeal. Here, the district court entered judgment and sentence on September 21, 2021. Following his convictions, Dutcher was transported to a correctional facility in Missouri. Letters to prison officials show that by September 24, Dutcher wanted to contact his attorney to file an appeal but the prison did not permit him to make phone calls or to have access to stamps to send mail to is attorney.[2] In a letter sent to the district court, dated October 26 and received by the court on November 2, Dutcher asked the status of his appeal and said the Missouri correctional facility had not previously permitted him to make any phone calls or send any mail. The district court treated Dutcher's letter as a notice of appeal. Dutcher was still represented by counsel at that time. Counsel filed a motion to withdraw on November 15, which the district court granted on December 22. Then Dutcher was appointed new counsel, but that attorney withdrew as did the next

---

[1] Dutcher has the right of appeal even though he pled guilty because he pled guilty to two class "A" felonies. *See* Iowa Code § 814.6(1)(a)(3) (2021).

[2] Counsel for Dutcher attached these letters to a motion relating to jurisdiction filed with the appellate clerk's office.

three attorneys assigned to represent Dutcher, the last withdrawing in April 2023. During that period, Dutcher continued to send letters to the court inquiring about the status of his appeal and his legal representation. Eventually, in April 2023, new counsel was appointed to Dutcher. That counsel filed a notice of appeal on April 10, 2024, and completed the necessary appellate briefing.

The State contends we do not have jurisdiction to consider his appeal because Dutcher filed his November 2, 2021 notice of appeal while represented by counsel and it was filed more than thirty days after the entry of judgment and sentence. *See* Iowa R. App. P. 6.101(1)(b) (requiring a notice of appeal to be filed "within 30 days after the filing of the final order or judgment"); Iowa Code § 814.6A (prohibiting a defendant represented by counsel from filing any pro se document and prohibiting a court from considering pro se documents filed while defendant was represented by counsel).[3]

However, "[o]ur precedents have allowed delayed appeal where a defendant has expressed a good faith intent to appeal before the appeal deadline but failed to timely perfect the appeal due to state action or circumstances beyond the defendant's control." *State v. Davis*, 969 N.W.2d 783, 787 (Iowa 2022). The ability to grant a delayed appeal is not "a discretionary action based on mere excusable neglect. It is limited to those instances where a valid due process argument might be advanced should the right of appeal be denied." *Swanson v. State*, 406 N.W.2d 792, 793 (Iowa 1987).

---

[3] Iowa Code section 814.6A was amended in 2022 to permit a defendant represented by counsel to file a pro se notice of appeal. *See* 2022 Iowa Acts ch. 1110, § 1.

We recognize that the district court received Dutcher's letter expressing his desire to appeal more than thirty days after the district court entered judgment and sentence. However, it is clear from the writings Dutcher sent to Missouri prison officials that he was actively attempting to contact his attorney during those thirty days so that he could file a notice of appeal, but the prison was preventing him from having such communication. *See Ford v. State*, 138 N.W.2d 116, 119–120 (Iowa 1965) ("[A]n application for delayed appeal may be entertained by this court in criminal cases on a proper showing by affidavit, or such other means as the court shall prescribe . . . ."). From this, is it clear Dutcher had a good faith intent to appeal within the thirty-day deadline and that he "failed to timely perfect the appeal due to state action or circumstances beyond [his] control." *See State v. Jackson-Douglass*, 970 N.W.2d 252, 254–55 (Iowa 2022). Moreover, because appointed counsel kept changing, which was again beyond Dutcher's control, it took years before Dutcher could get any attorney to file another notice of appeal on his behalf. As a result, we believe a delayed appeal is appropriate under these unique circumstances. Bolstering that belief is our concern that Dutcher would have a valid due process argument should the prison be able to effectively bar his communication with his legal counsel temporarily to frustrate his ability to file a timely appeal. *See Swanson*, 406 N.W.2d at 793.

Because we grant Dutcher a delayed appeal, that resolves the State's challenges to the timeliness of his appeal and the fact that he was represented at the time he filed the pro se notice of appeal. *See Jackson-Douglass*, 970 N.W.2d at 255.

## II.    Compliance with Iowa Rule of Criminal Procedure 2.23

We turn our attention to Dutcher's claim that the district court failed to substantially comply with Iowa Rule of Criminal Procedure 2.23(3)(a). He complains the district court never asked him whether he "has any legal cause to show why judgment should not be pronounced against" him or something similar.

The State argues that Dutcher failed to preserve error because he did not raise this challenge to the sentencing procedure at the sentencing hearing. *Cf. Davis*, 969 N.W.2d at 788 (addressing the merits of a defendant's claim that he was denied the right of allocution); *Jackson-Douglass*, 970 N.W.2d at 258 (same). We elect to bypass error preservation and resolve Dutcher's claim on the merits. *See Greenup v. State*, 966 N.W.2d 292, 296 (Iowa Ct. App. 2021) (electing to "bypass the State's error-preservation argument and proceed to the merits").

Iowa Rule of Criminal Procedure 2.23(3) addresses a defendant's right to allocution.[4] Rule 2.23(a) instructs the court to ask, "whether the defendant has any legal cause to show why judgment should not be pronounced against the defendant." Rule 2.23(d) explains that "the defendant personally, shall be allowed to address the court where [the defendant] wishes to make a statement in mitigation of punishment." District courts are not required to parrot this exact phrasing at sentencing. *Jackson-Douglass*, 970 N.W.2d at 258 (collecting cases). Instead, substantial compliance is all that is required. *Id.* "The important thing is whether the defendant is given *an opportunity* to volunteer any information helpful to the defendant's cause." *Id.* (citation omitted).

---

[4] Updated Iowa Rules of Criminal Procedure became effective July 1, 2023. We refer to the rules in effect at the time of sentencing in 2021.

In this case, after accepting Dutcher's guilty plea, the court asked, "Mr. Dutcher, you have asked that we proceed immediately now from the guilty pleas that I've accepted to the sentencing phase in your case. Is that your desire this morning?" Dutcher responded, "yes." The court then confirmed Dutcher understood the rights he would give up by proceeding immediately to sentencing. The prosecutor and defense counsel provided their respective sentencing recommendations. Then the court spoke to Dutcher, explaining:

> Mr. Dutcher, we have reached the stage in the sentencing phase where you have an opportunity to speak with me directly about any facts or circumstances you think are important and that you would like me to consider before I pronounce sentence on the judgments. This isn't to make you more nervous than you might be, but if you would have anything you would like to state—say, you may speak at this time, sir.

Dutcher responded, "No, I got nothing."

The defendant in *Jackson-Douglass* was offered a similar opportunity for allocution and brought a near-identical challenge to the district court's compliance with rule 2.23. *See* 970 N.W.2d at 258. In that case, the district court provided the defendant an opportunity for allocution by telling him "he had 'a right to speak on [his] own behalf'" and asking him, "if there was 'anything [he'd] like to tell the Court?'" without also asking "whether he knew of 'any legal cause to show why judgment should not be pronounced?'" *Id.* (alterations in original). The defendant claimed the court's failure to ask him "whether he knew of 'any legal cause to show why judgment should not be pronounced'" violated rule 2.23. *Id.* Our supreme court determined that the district court's failure to also ask the defendant "whether he knew of 'any legal cause to show why judgment should not be pronounced'" did not deny the defendant of his right to allocution. *Id.* Instead, the court's advisory

that the defendant had an opportunity to speak on his own behalf and inquiry of whether there was anything the defendant wanted the court to know substantially complied with rule 2.23 and provided the defendant with his right to allocution. *Id.*

We reach the same conclusion here. Dutcher's opportunity to volunteer any important information that could benefit him at sentencing, *see id.*, was satisfied by the court's statement to Dutcher that he had the "opportunity to speak with [the court] directly about any facts or circumstances you think are important and that you would like [the court] to consider before [the court] pronounce[s] sentence on the judgments." "Therefore, we conclude the district court substantially complied with rule 2.23(3)(a) and did not deny [Dutcher] the right of allocution." *See id.*; *accord State v. Christensen*, 201 N.W.2d 457, 460 (Iowa 1972).

### III. Conclusion

We grant Dutcher a delayed appeal. We bypass the State's challenge to error preservation on Dutcher's claim to the district court's compliance with Iowa Rule of Criminal Procedure 2.23 and proceed to the merits. The district court complied with rule 2.23 when it advised Dutcher of his right to allocution.

**AFFIRMED.**

Badding, J., concurs; Ahlers, P.J., dissents.

**AHLERS, Presiding Judge** (dissenting).

If we had jurisdiction over this attempted appeal and error was preserved, I would join the majority opinion because I agree with its analysis and conclusion on the merits. But I must dissent because I disagree that we have jurisdiction over this attempted appeal.[5]

No one disputes that Dutcher's notice of appeal was filed late. But, as the majority correctly notes, we can permit delayed appeals "where a defendant has expressed a good faith intent to appeal before the appeal deadline but failed to timely perfect the appeal due to state action or circumstances beyond the defendant's control." *See State v. Davis*, 969 N.W.2d 783, 787 (Iowa 2022). I would agree that if Dutcher's allegations of being blocked by Missouri prison officials from communicating with his attorney or the court about his desire to appeal are true, then he would meet the conditions for granting a delayed appeal. But there's the rub. We have no record supporting Dutcher's allegations. In *Davis* and the cases cited in it that have permitted delayed appeals, there was a record establishing the intent to appeal and the hurdles blocking the attempt. *Id.*

Starting with *Davis*, the defendant was granted a delayed appeal because his intent to appeal was established by the record showing his filing of a timely pro se notice of appeal. *Id. State v. Wetzel* permitted the remedy of a delayed appeal

---

[5] If we did have jurisdiction, I also disagree with the majority's decision to bypass the error-preservation issue. As Michael Dutcher challenges a defect in the sentencing procedure rather than the sentence itself, he had to object to preserve error. *See State v. Voshell*, ___ N.W.3d ___, ___, 2024 WL 3287565, at *2 (Iowa Ct. App. 2024) (finding error in a sentencing procedure unpreserved when no objection to the challenged procedure was made). Dutcher made no objection, so he did not preserve error, and we should not address the merits of his unpreserved challenge.

of the underlying criminal conviction via a postconviction-relief proceeding at which there was a "full evidentiary hearing" that permitted development of the facts supporting the conclusion that Wetzel had intended to timely appeal in his criminal case and the roadblocks that prevented it. 192 N.W.2d 762, 764 (Iowa 1971). Likewise, *Horstman v. State* was a postconviction-relief proceeding in which the remedy of permitting Horstman a delayed appeal in the underlying criminal action was granted because the record showed an intention to appeal before the appeal period expired and the events that prevented him from doing so. 210 N.W.2d 427, 429 (Iowa 1973). Finally, *State v. Anderson* is similar to *Davis* in that a delayed appeal was granted on direct appeal from the criminal conviction because the record showed Anderson announced his intent to appeal during the sentencing hearing and the district court directed his counsel to file a notice of appeal. 308 N.W.2d 42, 46 (Iowa 1981).

Although not cited in *Davis*, *State v. Ford* is factually similar to Dutcher's case and provides a better procedural avenue to address Dutcher's request for a delayed appeal. 138 N.W.2d 116 (Iowa 1965). In *Ford*, a defendant did not file a timely notice of appeal challenging his conviction. *Id.* at 117–18. His direct appeal was dismissed as a result. *Id.* at 118. Ford then filed a habeas corpus action, and evidence presented at the hearing in that action revealed his timely intent to appeal and that his efforts to do so were thwarted by the actions of prison officials. *Id.* Finding that the "malfeasance or misfeasance of the state or its agents" denied Ford his constitutional rights in the appeal process in the underlying criminal case, the court granted habeas corpus relief in the form of permitting a delayed appeal in the criminal case. *Id.* at 118–19.

Unlike the cases just discussed, there is no record in this case (e.g., statements at a sentencing hearing, filings in the court file within the appeal window, etc.) or a record developed during a postconviction or habeas corpus proceeding at which both sides had the opportunity to present evidence about the merits of Dutcher's claims of a timely intent to appeal and that he was blocked from doing so. Instead, we have one-sided, after-the-fact, unauthenticated filings by Dutcher attempting to show such intent and obstacles only after the supreme court issued an order requesting a jurisdictional statement questioning the timeliness of the appeal and whether a delayed appeal should be granted. And even in those filings, Dutcher's counsel admits that the information provided supporting Dutcher's claim is conflicting, the information is not supported by affidavit, and there is no way on appeal of confirming the accuracy of the information. Under these circumstances, I don't believe we have sufficient record to determine whether a delayed appeal is warranted.

To be clear, if Dutcher's allegations are true and Missouri prison officials prevented him from accessing his attorney or otherwise communicating his intent to appeal, then Dutcher should be granted a delayed appeal. But the Missouri prison officials might not have acted as Dutcher claims. In other words, there may be another side or two to this story, and there are options for developing all sides in a hearing in a different proceeding. We simply don't know what happened here. So I see no way to decide whether Dutcher is entitled to a delayed appeal on the record in this case. As a result, I would conclude we have no jurisdiction over this attempted appeal and it must be dismissed. Dutcher would then be able to present evidence supporting his claim in alternative proceedings such as postconviction-

relief proceedings, *see Horstman*, 210 N.W.2d at 429, or a habeas corpus action, *see Ford*, 138 N.W.2d at 118–19, to seek the relief of a delayed appeal. In such proceedings, Dutcher would have a full opportunity to develop his claim, the State would have the opportunity to respond, and a determination of what happened could be accurately made. If Dutcher established his claims, then relief could be granted accordingly.

As I conclude we lack jurisdiction over Dutcher's attempted appeal, I would dismiss it, so I respectfully dissent from the majority's decision to grant Dutcher a delayed appeal in this proceeding. If we did have jurisdiction, I would affirm on the basis that Dutcher failed to preserve error on his challenge to his sentencing procedure.