STATE of Iowa, Plaintiff–Appellee,

v.

Harlan J. MOTT, Jr., Defendant–
Appellant.

No. 00–0518.

Court of Appeals of Iowa.

May 23, 2001.

Linda Del Gallo, State Appellate De-
fender, and Martha J. Lucey, Assistant
State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General,
Robert P. Ewald, Assistant Attorney Gen-
eral, John P. Sarcone, County Attorney,
and Jim Ward, Assistant County Attorney,
for appellee.

Considered by SACKETT, C.J.,
HUITINK and STREIT, JJ.

SACKETT, Chief Judge.

Defendant appellant Harlan Mott, Jr.,
appeals his conviction for assault causing
serious injury, in violation of Iowa Code
section 708.2(4) (1999). Defendant's sole

issue on appeal is that his trial attorney was ineffective in not requesting instructions on proximate, intervening and superseding cause. The defendant contends these instructions were warranted because there was a question as to whether the injury he inflicted on the victim caused "a protracted loss or impairment of the function of any body part or organ." The defendant contends the injury was only serious because medical treatment was withheld from the victim. We affirm.

While an inmate at the Polk County Jail, defendant had been using the telephone for what assault victim Tony Grimm deemed an excessive amount of time, so Grimm hung up the defendant's call. After the defendant finished making the phone call again, he walked over to Grimm and punched him "real hard" in the jaw and then began hitting him in the face. Other prisoners were present at the time, but none came to Grimm's aid. Shortly thereafter, guards arrived and took Grimm to the nurse's station where he told the nurse he thought his jaw was broken because his teeth would not line up. In spite of Grimm's claims that he needed medical treatment, three days passed before he was taken to Mercy Hospital. During those days Grimm was unable to eat. At Mercy Hospital it was determined that Grimm had indeed broken his jaw, which was apparent without X-rays because the bones were distinctly apart. X-rays revealed that there were two fractures, one on the right side of the jaw, another on the left, both of which could have been created by a single blow. Grimm underwent surgery to correct the fractures. Although the prognosis for regaining mobility in his jaw was good, Grimm suffered loss of feeling in his lip and chin due to nerve damage, a loss which will probably be permanent. Grimm's doctor testified that this nerve damage was probably aggravated by his three-day delay in medical treatment.

At trial, during closing argument, defense counsel argued that nerve damage was likely attributable to the delay in treatment rather than to actions of defendant Mott. But counsel did not request or submit jury instructions for proximate, intervening and superseding cause. Defendant contends this failure amounts to the breach of an essential duty.

To prevail on an ineffective assistance of counsel claim defendant must show that his attorney's performance fell outside a normal range of competency and that the deficient performance so prejudiced him as to give rise to the reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992). Defendant is confronted with a presumption that counsel is competent, which he must overcome in order for an ineffective assistance of counsel claim to lie. *Brewer v. State*, 444 N.W.2d 77, 83 (Iowa 1989). Defendant must shoulder the burden of proof to establish by a preponderance of the evidence, *Kellogg v. State*, 288 N.W.2d 561, 563 (Iowa 1980), including an affirmative factual basis, *Cleesen v. State*, 258 N.W.2d 330, 332 (Iowa 1977), that trial counsel provided ineffective assistance.

Defendant has not demonstrated that defense counsel's failure to request a jury instruction regarding superseding cause in his criminal trial fell outside a normal range of competency. Prevailing law in Iowa indicates that the only time evidence of superseding cause is an essential element of a defense case (meaning that the trial court cannot exclude it as evidence), is when that cause is the sole proximate cause of the ultimate injury suf-

fered.[1]  *See State v. Garcia,* 616 N.W.2d 594, 597 (Iowa 2000).  Even though the intervening act may be outrageous enough to qualify as gross negligence, it must be the sole proximate cause of the ultimate injury in order for the court to find that excluding evidence of the act is reversible error.  *Id.* at 598, 599.  In order to make his claim that counsel was ineffective by omitting an essential element of his defense, under *Garcia* defendant would have to show that the failure to provide Grimm immediate medical attention was the sole proximate cause of Grimm's nerve damage, that treatment for the nerve damage had not been necessitated by the criminal attack.  *See id.* (citing *People v. Stewart,* 40 N.Y.2d 692, 697, 389 N.Y.S.2d 804, 808, 358 N.E.2d 487–492 (1976)).  Very simply this is not such a case.  Defendant's assault on Grimm was the sole reason the jail personnel were called upon to give Grimm any medical attention.  And the medical attention Grimm did receive was to treat the very body part (jaw) defendant had injured.  Under *Garcia* defendant is responsible for the ultimate injury, including permanent nerve damage.  For that reason, the defense of superseding cause was not available to defendant, and his attorney's failure to request an instruction on proximate, intervening and superseding cause was not a breach of an essential duty.

We recognize that this case is distinguishable from *Garcia* because the ultimate injury suffered here from which we are making determinations of causation is a serious injury rather than a death.  The serious injury/death distinction is not of consequence to our analysis.  The discussion and decision in *Garcia* do not revolve around the fact that more than one proximate cause contributed to the *death* of the victim, but rather around the fact that the defendants in that case were not the *sole*

*proximate cause* of the victim's ultimate injury, which happened in that case to be death.  *Garcia,* 616 N.W.2d at 599.  Under *Garcia,* the nature of the ultimate injury is relevant only insofar as it aids in a determination of whether a causal factor was the sole proximate cause of the injury.  *See id.*  Other than this *Garcia* consideration, the problem of superseding cause is unaffected by the nature of the ultimate injury.  Whether the outcome is death or a broken jaw with nerve damage, more than one proximate cause may cause that outcome.  The issue at hand is determining whether one of those causes operates as a superseding cause.  The particular physiological manifestation of an injury, for purposes of comparing it to injuries suffered in other cases, is not relevant to the causation analysis.

Furthermore, the very premise of defendant's case, that "serious injury" occurred only after the nerve damage had been aggravated by the three-day delay, is flawed.  Under *State v. Welton,* 300 N.W.2d 157, 161 (Iowa 1981), the Iowa Supreme Court found that evidence of a broken jaw was sufficient evidence of a serious injury to submit the serious injury question to the jury.  In his argument defendant presumes that a broken jaw, without *permanent* nerve damage, is insufficient evidence for the jury to determine a serious injury has occurred.  We disagree.  In this case, even without the permanent nerve damage, the victim's jaw was broken in two places and a facial nerve was damaged, if temporarily, in the process.  Although the victim in *Welton* had to have her jaw wired shut for six weeks, and lost twenty-five pounds in the process, there is no indication from the record that the victim in this case suffered a less-severe injury.  The only reason Grimm's jaw was

---

1.  The ultimate injury suffered in prior case law has always been death.

not wired shut had to do with his missing molars, not with the severity of the injury. Moreover, Grimm's jaw may never fully return to its pre-fracture state; it has been set with steel plates and at the time of trial, three months after the injury occurred, the fractured jaw still "moved to the left" when he opened his mouth.

Given the *Garcia* holding that a superseding cause must be the sole proximate cause of the injury, as well as defendant's faulty premise that a broken jaw with temporary nerve damage could not be a serious injury in and of itself, we find defendant's attorney's failure to request an instruction on the defense of superseding cause was not a breach of an essential duty.

**AFFIRMED.**