**Robert E. SWANSON, Appellant,**

v.

**STATE of Iowa, Appellee.**

**No. 86–1041.**

Supreme Court of Iowa.

June 17, 1987.

Charles L. Harrington, Appellate Defender, and B. John Burns, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Sp. Asst. Atty. Gen., John M. Parmeter, Asst. Atty. Gen., for appellee.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ, and CARTER, JJ.

CARTER, Justice.

Petitioner, Robert E. Swanson, has appealed from the denial of his application for postconviction relief. That application sought relief from a loss of good time,

imposed by prison authorities for petitioner's alleged rule violations.

On appeal, petitioner raises two points. First, he urges that the prison disciplinary committee considering the charges against him improperly considered confidential communications which he had made to a prison counselor. He argues that the district court erred in not granting his application on that ground. Second, petitioner contends that he was improperly precluded from attending the hearing before the district court on his postconviction application.

We do not reach the merits of petitioner's contentions because we conclude we are without jurisdiction to consider the appeal. The judgment from which the appeal is taken was entered on June 5, 1986. Petitioner's notice of appeal was served and filed on July 8, 1986. Notwithstanding the absence of a motion to dismiss, we are bound to consider this apparent jurisdictional issue on our own motion. *Doland v. Boone County,* 376 N.W.2d 870, 876 (Iowa 1985).

In apparent recognition of the untimeliness of his notice of appeal, petitioner filed in this court on August 4, 1986, a motion for delayed appeal. As grounds for this motion, he urges that he was misinformed concerning the period of time within which an appeal must be perfected in a postconviction proceeding. He asserts that he was acting without advice of counsel at this time. The contentions so advanced are best characterized as a plea of excusable neglect. Petitioner approaches the issue on the basis that it is within our discretion to grant a delayed appeal on such grounds. We disagree.

The time limitations for the filing of notice of appeal to this court are jurisdictional in both civil criminal cases. *See Robco Transp., Inc. v. Ritter,* 356 N.W.2d 497, 498 (Iowa 1984); *Jensen v. State,* 312 N.W.2d 581, 582 (Iowa 1981). We have, in certain criminal cases, granted a right of delayed appeal.[1] That remedial procedure

---

1. We are reluctant to opt at this time for a rule limiting the granting of delayed appeals to criminal cases. The same federal constitutional considerations which have forced us to recognize delayed appeals in criminal cases are potentially applicable in some civil settings. We need not determine this issue in the present case.

originated with federal courts which order the granting of delayed appeals where it appears that state action or other circumstances beyond appellant's control have frustrated an intention to appeal. Under such circumstances, the denial of a right of appeal would violate the due process or equal protection clause of the fourteenth amendment to the federal constitution. *See State v. Horsey*, 180 N.W.2d 459, 460 (Iowa 1970); *Ford v. State*, 258 Iowa 137, 142, 138 N.W.2d 116, 119 (1965).

While we have granted delayed appeals in criminal cases on that basis in order to prevent unnecessary challenges in the federal courts, *see Horstman v. State*, 210 N.W.2d 427, 430 (Iowa 1973); *State v. Wetzel*, 192 N.W.2d 762, 764 (Iowa 1971); *Horsey*, 180 N.W.2d at 460; *Ford*, 258 Iowa at 142, 138 N.W.2d at 119, this approach has never been considered a discretionary action based on mere excusable neglect. It is limited to those instances where a valid due process argument might be advanced should the right of appeal be denied. Petitioner's contentions in the present case fall considerably short of satisfying that requirement. The appeal was untimely and must be dismissed.

APPEAL DISMISSED.