# IN THE COURT OF APPEALS OF IOWA

No. 18-0246
Filed September 12, 2018

**IN THE MATTER OF M.R.,**
**Alleged to be Seriously Mentally Impaired,**

**M.R.,**
    Respondent-Appellant.

_____

    Appeal from the Iowa District Court for Johnson County, Kevin McKeever,

Judge.

    A prison inmate appeals a district court ruling finding he remains seriously

mentally impaired. **APPEAL DISMISSED.**

    Cami N. Eslick of Eslick Law, Indianola, for appellant.

    Thomas J. Miller, Attorney General, and Gretchen Witte Kraemer, Assistant

Attorney General, for appellee State.

    Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**DANILSON, Chief Judge.**

M.R. appeals an order of the district court finding he remains seriously mentally impaired. M.R. argues the State failed to prove he lacked sufficient judgment to make reasonable decisions about his treatment, and there was not substantial evidence of dangerousness because there was no evidence of a recent overt act, attempt, or threat. Because M.R.'s appeal was not timely filed, we lack jurisdiction and dismiss his appeal.

A judicial hospitalization referee initially found M.R. to be seriously mentally impaired in March 2017. In November 2017, M.R. requested a placement hearing. The referee found M.R. still met the definition of a seriously mentally impaired person. M.R. appealed the referee's finding to the district court. On January 9, 2018, the district court affirmed the finding M.R. was seriously mentally impaired. M.R. filed notice of appeal on February 9, 2018. Iowa Rule of Appellate Procedure 6.101 provides that notices of appeal must be filed within 30 days after the filing of the final order or judgment. Timely notice of appeal is jurisdictional. *Jensen v. State*, 312 N.W.2d 581, 582 (Iowa 981).

Before this case was transferred to our court, the supreme court raised on its own motion the issue of jurisdiction after it appeared notice of appeal might be untimely. *See Root v. Toney*, 841 N.W.2d 83, 87 (Iowa 2013) (noting court is to address jurisdictional issue of timeliness of appeal before reaching merits even if parties do not raise the issue). The appellant was ordered to file a statement concerning whether this court has jurisdiction to hear the appeal, and the State was permitted to file a response. Appellant's counsel states that she "had neglected to take into account that there are 31 days in January" and argues we

should excuse her neglect in filing the appeal one day late and consider the appeal on its merits. The State argues we do not have jurisdiction to consider this appeal.

We have sometimes granted a delayed appeal under certain extraordinary circumstances. *See Swanson v. State*, 406 N.W.2d 792, 792–93 (Iowa 1987) (recognizing the authority to grant a delayed appeal "where it appears that state action or other circumstances beyond the appellant's control have frustrated an intention to appeal" because "[u]nder such circumstances, the denial of a right to appeal would violate the due process or equal protection clause of the fourteenth amendment to the federal constitution"); *see also id.* at 792 n.1 (noting "[t]he same federal constitutional considerations which have forced us to recognize delayed appeals in criminal cases are potentially applicable in some civil settings"). We have also said the fact that a person found seriously mentally impaired has more than one opportunity to contest continued commitment in the future does not diminish the person's substantial liberty interests. *In re M.E.*, No. 16–1479, 2017 WL 1278321, at *3 (Iowa Ct. App. Apr. 5, 2017). An individual has the right to be released from continued commitment as soon as it is determined the individual is no longer seriously mentally impaired. *See B.A.A. v. Chief Med. Officer, Univ. of Iowa Hosps. & Clinics*, 421 N.W.2d 118, 124 (Iowa 1988).

We have granted delayed appeals in civil commitment cases in which the appeal was first heard in the wrong court. *See In re L.H.*, 890 N.W.2d 333, 339 (Iowa Ct. App. 2016); *see also M.E.*, 2017 WL 1279321, at *2-3. In both of those cases, the appeals would have been timely had they been filed in the correct court. In neither case did the district court recognize it lacked jurisdiction.

Here, it was within the appellant's control to appeal in a timely fashion. Counsel's mistake is not an extraordinary circumstance like those for which we have previously granted delayed appeals. Still, we might have considered leniency but for the leniency already afforded the appellant in his appeal from the hospitalization referee.[1] Because the appeal was not timely filed, we lack jurisdiction to consider the merits of the appeal. We dismiss the appeal for lack of jurisdiction.

**APPEAL DISMISSED.**

---

[1] In attempting to appeal from the hospitalization referee, the district court observed the respondent submitted a written notice of appeal on November 17, 2017, with no signature, no proof of service, and not filed by counsel of record. In its order filed November 22, 2017, the district court concluded no action should be taken. Subsequently on December 5, 2017, the respondent's counsel filed a motion to accept notice of appeal as timely. At this juncture, twenty days had lapsed since entry of the hospitalization referee's order although such appeals must filed within ten days after the order is filed. Iowa Code section 229.21(3)(d) (2017). Notwithstanding, the district court allowed the appeal to proceed.