# IN THE COURT OF APPEALS OF IOWA

No. 17-2003
Filed February 20, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TRACY ADAM THOMPSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Jeffrey L. Harris, District Associate Judge.

Defendant appeals his convictions and sentence for public intoxication and assault. **AFFIRMED.**

Elizabeth Araguas of Nidey, Erdahl, Fisher, Pilkington & Meier P.L.C., Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee.

Considered by Vogel, C.J., Vaitheswaran, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VOGEL, Chief Judge.**

Tracy Adam Thompson appeals his convictions and sentence for public intoxication, third offense; two counts of assault on persons in certain occupations; and interference with official acts. Thompson argues the district court abused its discretion by "suggesting" or "pronouncing" the maximum sentence before trial and for considering Thompson's refusal to plead guilty as a factor in sentencing. Because the district court appropriately encouraged Thompson to consider all possible consequences before proceeding to trial, fully informed him of the sentencing possibilities, and used only permissible factors in sentencing, we affirm.

## I.    Background Facts and Proceedings

In the late afternoon of July 28, 2017, law enforcement received a call regarding a "male subject causing some issues with traffic," including kicking trash cans into traffic and approaching vehicles. Officers Jordan Ehlers and Marc Jasper responded to the call and approached the subject, later identified as Thompson. Officer Ehlers noticed the smell of alcohol, but he testified that he and Officer Jasper "gave [Thompson] the chance to go home and sent him on his way." At approximately 8:30 that evening, the officers received a call from a bar reporting a male subject whose description matched Thompson and was "causing issues" after the establishment refused to serve him alcohol due to his intoxication. By the time the officers arrived at the bar, the individual had left.

The officers received another call around 9:30 from a woman reporting a man punched her husband, and she described the man as "a white male that was wearing a white shirt, and he was bald." Officer Enis Mrzljak responded to the call. Officer Mrzljak approached Thompson and noticed a strong odor of alcohol,

bloodshot eyes, and a staggered walk. Officers Ehlers and Jasper also arrived at the scene, and Officer Jasper asked Thompson to provide a sample of his breath for a preliminary breath test (PBT). Thompson refused and Officer Jasper informed him that he would be placed under arrest. When Officer Jasper attempted to handcuff Thompson, Thompson called Officer Jasper a "f***ing bitch" and spit in his face. A struggle ensued, which involved Thompson hitting, again spitting at, and kicking Officer Ehlers in the face. Eventually, the officers were able to handcuff Thompson, place him in a squad car, and transport him to the jail. Thompson was charged with one count of public intoxication, two counts of assault on persons in certain occupations, and one count of interference with official acts.[1]

A trial was held on October 24 and 25, 2017, after which the jury returned a verdict finding Thompson guilty on all four counts. At a sentencing hearing, Thompson was sentenced to an indeterminate term not to exceed two years for public intoxication third offense; a term of 365 days for each count of assault on persons in certain occupations; and a term of thirty days for the interference with official acts count. All of the sentences were ordered to run consecutively. Thompson appeals.

## II. Standard of Review

"We use the abuse of discretion standard if the sentence is within the statutory limits." *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). "[A] district

---

[1] Thompson was charged with public intoxication third offense, in violation of Iowa Code sections 123.46 and 123.91 (2017); two counts of assault on persons in certain occupations in violation of Iowa Code section 708.3A(4); and interference with official acts, in violation of Iowa Code section 719.1(1)(b).

court did not abuse its discretion if the evidence supports the sentence." *Id.* at 553.

## III. Predetermination of Sentence

Thompson argues the district court abused its discretion by "suggesting a sentence to be imposed before a verdict of guilty." The State argues the district court was merely advising Thompson of all relevant information before he declined the State's plea offer and continued to trial.[2] At a pretrial conference, the district court told Thompson "the worst case scenario" for him would be four years and thirty days in prison. The district court then asked Thompson if he wanted to go to trial or accept the State's plea offer, and the following conversation occurred:

> THE DEFENDANT: Proceed to trial.
> THE COURT: Okay. How is prison for you?
> THE DEFENDANT: Excuse me?
> THE COURT: How is prison for you?
> THE DEFENDANT: When I was there in the past?
> THE COURT: Yes, when you were there.
> (No response.)
> THE COURT: Let me ask you this. Is that some place you want to go back to?
> THE DEFENDANT: No, sir.
> THE COURT: Do you understand that the chances are, if you are convicted of these offenses, that that's exactly where you're going—
> THE DEFENDANT: I understand.

---

[2] The State also argues Thompson did not file a timely notice of appeal and his notice of appeal did not properly seek discretionary review of his simple misdemeanor sentence. However, we find Thompson makes plausible arguments to support both his delay of the appeal and appellate review for his misdemeanor sentence. *See State v. Cooley,* 587 N.W.2d 752, 754 n.2 (Iowa 1998) (noting discretionary review of a misdemeanor conviction is appropriate when it was consolidated with another conviction for sentencing purposes, "and the possibility of consecutive sentencing is central to the appellate issue presented"); *Swanson v. State*, 406 N.W.2d 792, 792–93 (Iowa 1987) (discussing instances when a delayed appeal is granted, including "where it appears . . . circumstances beyond appellant's control have frustrated an intention to appeal").

In the context of accepting a guilty plea, our supreme court has approved and recommended criteria for district courts to follow. *See Brainard v. State*, 222 N.W.2d 711, 721–22 (Iowa 1974) (noting the criteria are "a recommendation and not a mandate" and will hopefully "assist trial judges in conducting guilty plea proceedings"); *see also State v. Hansen*, 221 N.W.2d 274, 278 (Iowa 1974). Such recommendations include explaining "the range of penalties . . . including the maximum sentence" and asking if the defendant understands the rights available. *Brainard*, 222 N.W.2d at 722; *see also United States v. Cody*, 438 F.2d 287, 290 (8th Cir. 1971). Before Thompson declared his intent to go to trial, the district court encouraged Thompson to thoroughly consider the State's "very favorable" plea offer. The court informed him of the maximum sentence should he be found guilty of all four charges. We agree with the State, "[w]hen viewed in context, the district court's statements do not expose any predetermination of Thompson's sentence," and this was merely the district court's attempt to fully inform Thompson of all options before deciding to proceed to trial.

## IV. Reliance on Failure to Accept Responsibility

Next, Thompson asserts the district court inappropriately relied on his refusal to plead guilty as a factor in sentencing. The State argues it was Thompson's failure to accept responsibility for his actions—not his decision to proceed to trial—that the district court considered before sentencing. During the sentencing hearing, defense counsel stated Thompson had "shown a willingness to get better" and Thompson opined treatment would be beneficial for him. In response, the district court stated:

The court finds that statement to be quite interesting, because you sat in my chambers on Tuesday, and I almost begged you to take the deal because you had a choice between either going to prison or going to treatment, and you decided to go to trial, which was your absolute constitutional right. I have no problem with that. But now you're standing up in front of me telling me that you want treatment. On Tuesday you were given that opportunity, and you refused to take it.

Before announcing Thompson's sentence, the district court listed the sentencing goals and objectives it considered, including the severity of the offenses, rehabilitation, deterrence, and societal protection. The district court noted Thompson's violence against peace officers attempting to perform their duties and concerns about Thompson's rehabilitative potential due to his criminal history. Based on these factors, the district court imposed sentence. "The trial court must carefully avoid any suggestions in its comments at the sentencing stage that it was taking into account the fact defendant had not pleaded guilty but had put the prosecution to its proof." *State v. Nichols*, 247 N.W.2d 249, 256 (Iowa 1976). The district court's comment regarding treatment was directed at Thompson's assertion that treatment was the appropriate sentence, and it was not used as a sentencing factor.

## V. Conclusion

We find the district court did not abuse its discretion by advising Thompson of the maximum sentence and did not consider impermissible factors when sentencing.

**AFFIRMED.**