# IN THE COURT OF APPEALS OF IOWA

No. 18-1285
Filed April 15, 2020

**IN THE MATTER OF T.M.,**
**Alleged to Be Seriously Mentally Impaired,**

**T.M., Respondent,**
        Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Robert A. Hutchison,

Judge.

        The respondent appeals a district court decision finding him to be seriously

mentally impaired.  **AFFIRMED.**

        Robb D. Goedicke of Cooper, Goedicke, Reimer & Sparks, P.C., West Des

Moines, for appellant.

        Thomas J. Miller, Attorney General, and Gretchen Kraemer, Assistant

Attorney General, for appellee State.

        Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**SCHUMACHER, Judge.**

T.M. appeals the district court decision finding he was seriously mentally impaired. We find T.M. was entitled to a delayed appeal of the magistrate's decision, giving the district court jurisdiction to consider the appeal. Consequently, T.M.'s appeal of the district court's decision is not barred on jurisdictional grounds. We conclude the district court did not abuse its discretion by proceeding with the hearing when T.M. stated he was ready to proceed. In the alternative, T.M. has not shown he received ineffective assistance because counsel did not file a motion for a continuance. T.M. has not cited any legal support for his due process argument, and we do not consider it. We affirm the decision of the district court.

## I. Background Facts & Proceedings

T.M. was an inmate at the Polk County jail awaiting trial when the staff providing medical and psychological care for inmates became concerned that T.M. was seriously mentally impaired. An application was filed pursuant to Iowa Code chapter 229 (2018). T.M. was transferred to a hospital for an assessment of his mental health.

T.M. has a history of schizophrenia. At the hospital, T.M. would not engage in conversation with medical providers, refused to wear clothing, refused medication, and was not eating consistently. At times he appeared to be responding to internal stimuli. On June 26, 2018, Dr. Ahmar Butt filed a physician's report stating T.M. was mentally ill with paranoid schizophrenia, he was not capable of making responsible decisions about his treatment, and he was "not able to take care of self due to loss of touch with reality." T.M.'s presence at a hearing before a magistrate was waived because he "refused to wear clothing and wished

to remain naked." On June 27, the magistrate determined T.M. should be committed for a complete psychiatric evaluation and appropriate treatment.

T.M. signed an appeal of the magistrate's decision on July 6, and the notice was filed on July 9. Dr. Butt filed a report on July 12, which concluded T.M. would "continue to benefit from inpatient hospitalization." Dr. Butt also signed a report on July 18, which again stated T.M. was seriously mentally impaired.

The district court held a hearing on July 19. The following exchange occurred at the beginning of the hearing:

> The Court: [T.M.], I first want to ask you this. Mr. Fenton has been appointed to represent you on this. Have you had enough time to talk with him?
> T.M.: I'm not necessarily sure. I'm presuming not, really.
> The Court: Well, I'm happy to give you a few minutes here to talk with him outside the presence of the Court, if you'd like to do that. Do you want to talk with him further?
> T.M.: That will probably not be enough time, so I'm probably ready to go.
> The Court: Are you ready to proceed?
> T.M.: More than likely, yes.
> The Court: More than likely—yes or no?
> T.M.: That's a great answer. I'm not sure.
> The Court: Well, I guess we'll proceed then.

The hearing then commenced with the State calling Dr. Butt as a witness. After Dr. Butt testified for several minutes, T.M. asked to leave. The court informed T.M. it would not have the benefit of his testimony if he left, but T.M. stated, "I'm ready to leave." T.M. was escorted back to the hospital and the hearing continued without T.M.'s presence, although his attorney remained at the hearing.

The district court entered an order on July 20 finding T.M. was seriously mentally impaired. T.M. filed a pro se notice of appeal on July 23.

4

## II.     Appellate Jurisdiction

The State claims the district court was without jurisdiction to consider T.M.'s appeal from the magistrate's decision because the appeal to the district court was untimely.  *See In re Melodie L.*, 591 N.W.2d 4, 6 (Iowa 1999) (noting the issue of whether the court had "properly acquired jurisdiction to consider the issues presented through the timely notice of appeal from the order of the referee").  An issue of subject matter jurisdiction may be raised at any time.  *In re M.A.*, 895 N.W.2d 477, 479 (Iowa Ct. App. 2017).

An appeal from a magistrate's decision must be made within ten days.  Iowa Code § 229.21(3)(a).  The magistrate's decision was filed on June 27, 2018.  T.M.'s appeal to the district court was signed and dated on July 6, which was within the applicable time frame, but not filed until July 9, after the ten-day period passed.  The State did not raise the issue of the timeliness of the appeal before the district court.

"We have sometimes granted a delayed appeal under certain extraordinary circumstances."  *In re M.R.*, No. 18-0246, 2018 WL 4361038, at *1–2 (Iowa Ct. App. Sept. 12, 2018).  In *Swanson v. State*, 406 N.W.2d 792, 792–93 (Iowa 1987), the Iowa Supreme Court stated:

> We have, in certain criminal cases, granted a right of delayed appeal. That remedial procedure originated with federal courts which order the granting of delayed appeals where it appears that state action or other circumstances beyond appellant's control have frustrated an intention to appeal.  Under such circumstances, the denial of a right of appeal would violate the due process or equal protection clause of the fourteenth amendment to the federal constitution.

(Footnote omitted).

A delayed appeal may be granted in civil commitment proceedings if a denial of the appeal would have due process implications. *In re M.E.*, No. 16-1479, 2017 WL 1278321, at *2 (Iowa Ct. App. Apr. 5, 2017). A delayed appeal may be granted "when counsel's procedural errors have denied a defendant's clearly expressed intention and good faith effort to appeal." *Jordison v. State*, No. 01-0342, 2002 WL 1585647, at *2 (Iowa Ct. App. July 19, 2002). Whether a delayed appeal should be granted depends upon the circumstances of the case. *State v. Anderson*, 308 N.W.2d 42, 46 (Iowa 1981).

T.M. clearly expressed his intention to appeal the magistrate's order by signing a statement, "I wish to appeal the Court's June 27, 2018 finding that I am seriously mentally impaired under Iowa law." T.M. signed the document on July 6, 2018, before the ten-day period to appeal expired. For reasons not apparent from the record, the notice of appeal was not filed until July 9, which was two days after the ten-day deadline. We conclude T.M. made a good faith effort to timely appeal the magistrate's decision. T.M. should not be denied his due process right to appeal due to the delay in filing the notice based on circumstances outside his control. *See In re A.B.*, No. 99-0227, 1999 WL 976097, at *3 (Iowa Ct. App. Oct. 27, 1999) (finding the denial of a parent's right to appeal in termination-of-parental-rights proceedings would violate due process when the delay was attributable to counsel, not the parent).

We determine a denial of T.M.'s right to appeal the decision of the magistrate would violate his right to due process. *See Swanson*, 406 N.W.2d at 793. Because we find T.M. was entitled to a delayed appeal of the magistrate's

decision, the district court had jurisdiction to consider the appeal. Consequently, T.M.'s appeal of the district court's decision is not barred on jurisdictional grounds.

### III.   Continuance

**A.**   T.M. claims the district court should have continued the hearing on July 19, 2019, based on his statement that he presumably had not had enough time to talk to his attorney.[1]   T.M. states the court should have made further inquiries rather than immediately proceeding with the hearing at that point.  On issues concerning continuances, we review to determine if the district court abused its discretion. *In re M.D.*, 921 N.W.2d 229, 232 (Iowa 2018).

The district court informed T.M. it was willing to give him more time to consult with his attorney.  The court stated, "Well, I'm happy to give you a few minutes here to talk with him outside the presence of the Court, if you'd like to do that.  Do you want to talk with him further?"  T.M. did not accept the offer and stated, "I'm probably ready to go."  The court asked T.M. two times if he was ready to proceed, to which T.M. responded, "More than likely, yes," and "I'm not sure."

Additional time was offered to T.M. at the beginning of the hearing.  T.M. did not accept the offer of such and stated, "I'm probably ready to go."  The court

---

[1]  The heading for T.M.'s argument is "The Evidence Was Insufficient to Find T.M. Was Seriously Mentally Impaired."  His brief, however, does not challenge any specific aspect of the evidence concerning mental impairment.  If the issue had been properly raised, we would find there is clear and convincing evidence in the record to show T.M. was seriously mentally impaired.  The evidence shows T.M. has a mental illness, lacks sufficient judgment to make responsible decisions about his treatment, and was likely to be unable to satisfy his physical needs without treatment.  *See In re J.P.,* 574 N.W.2d 340, 342 (Iowa 1998) (noting the elements required to prove serious mental impairment under section 229.1(20)).

was not required to keep questioning T.M. on the same issue.  We conclude the district court did not abuse its discretion by proceeding with the hearing.

**B.**      In the alternative, T.M. contends his counsel should have requested a recess or continuance.  A person has a statutory right to counsel under section 229.8(1).  *In re D.M.T.*, No. 11-0654, 2012 WL 1440230, at *2 (Iowa Ct. App. Apr. 25, 2012).  "To establish a claim of ineffective assistance of counsel, a claimant must prove (1) counsel failed to perform an essential duty and (2) prejudice resulted to the extent it denied the claimant a fair trial."  *In re B.T.G.*, 784 N.W.2d 792, 798 (Iowa Ct. App. 2010).  Both elements must be proven by a preponderance of the evidence.  *Id.*  We review claims of ineffective assistance of counsel de novo.  *Id.*

We find T.M. has not shown he received ineffective assistance because his counsel did not request a recess or continuance at the district court hearing.  As noted, the court offered T.M. time to consult with counsel before the hearing started, and T.M. declined the opportunity.  Counsel was not required to request a continuance when T.M. declined such from the court and stated, "I'm probably ready to go."  We find no breach of an essential duty.

**IV.      Due Process**

T.M. claims he was denied due process based on the length of time between when he filed his notice of appeal of the district court's decision and when the case was submitted for appellate review.  The notice of appeal was filed on July 23, 2018.  It was transferred to the Iowa Court of Appeals on February 14, 2020.  T.M. blames previous counsel and a delay in obtaining the transcript of the

July 19, 2018, hearing.[2]   He states he should not be required to wait a lengthy period of time for an appellate court decision.

We first note T.M. has not cited any legal support for his due process argument.   A party's "[f]ailure to cite authority in support of an issue may be deemed waiver of that issue."  Iowa R. App. P. 6.903(2)(g)(3).  When a party does not cite authority for an issue, we do not consider the issue.  *See Olson v. Sumpter*, 728 N.W.2d 844, 849 (Iowa 2007).

Even if the issue had been properly raised, however, T.M. has not shown he was denied due process.  In order to show a due process violation based on a delay, a party must show actual prejudice as a result of the delay.  *See State v. Brown*, 656 N.W.2d 355, 363 (Iowa 2003).  T.M. has not alleged any prejudice resulting from the delay in the consideration of his appeal.

We affirm the district court's decision finding T.M. was seriously mentally impaired.

**AFFIRMED.**

---

[2] This appeal involved a series of events that delayed the case reaching our court. T.M.'s counsel before the district court was permitted to withdraw, but no appellate counsel was appointed for a period of time.  After appellate counsel was appointed, the wrong court reporter was notified about completing a transcript of the hearing. Although the right court reporter was named in an amended combined certificate, she later stated she had not received notice of the need for a transcript, which delayed the production of the transcript.  Counsel for T.M. also concedes delay on his behalf.  All of the aforementioned created delay of submission of the appeal to our court.