**IN THE COURT OF APPEALS OF IOWA**

No. 20-0458
Filed April 14, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**WILLIAM PAUL ROLAND,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Gregory D. Brandt and
Kevin Parker, District Associate Judges.


        William Paul Roland appeals the denial of his motion to reconsider a
judgment entered in favor of the Polk County Sheriff under Iowa Code section
356.7 (2019).  **APPEAL DISMISSED.**


        Martha J. Lucey, State Appellate Defender, and Stephan J. Japuntich,
Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant
Attorney General, for appellee.


        Considered by Doyle, P.J., and Mullins and May, JJ.

**DOYLE, Presiding Judge.**

William Roland appeals the denial of his motion to reconsider a judgment for $1395 in jail fees entered in favor of the Polk County Sheriff under Iowa Code section 356.7 (2019). The district court approved the sheriff's claim for reimbursement and gave Roland fifteen days to file an application to have the court reexamine the decision. Roland, an inmate at the Newton Correctional Facility (NCF) who is self-represented, did so. He moved for a restitution hearing, arguing he was never afforded "an opportunity to contest the amount of, or reasons for, the restitution ordered." The public defender office was appointed as counsel for Roland but declined the appointment because of a lack of staff. A private attorney was then appointed to represent Roland but withdrew "due to the civil nature of the reimbursement fees . . . the State Public Defender has determined that this type of case is not covered under the undersigned's SPD contract." In granting the attorney's motion to withdraw, the district court noted: "Due to the Polk County Jail room and board reimbursement, it is a civil matter and the court will not appoint new counsel. The defendant will need to retain his own counsel on this matter." Still an inmate at NCF and self-represented, Roland participated by telephone at the unreported hearing on his motion. After the hearing, the court denied Roland's request to waive the jail fees based on his indigence, noting that the sheriff obtained a civil judgment under section 356.7 rather than pursing the matter as restitution under chapter 910. *See State v. Gross*, 935 N.W.2d 695, 703 (Iowa 2019) (stating that "an award of jail fees is not subject to a reasonable-ability-to-pay limitation unless the fees are a component of restitution").

Some seven months after the hearing, Roland, still an inmate at NCF and self-represented, moved the court to rule on his motion. He alleged, "If the court has issued a ruling, then the court has failed to notify the defendant of the ruling." The court entered an order noting its prior ruling and also stating that the clerk of court sent Roland notification of that ruling. Roland appeals.

The State moves to dismiss Roland's appeal as untimely since it was filed well beyond the thirty-day deadline to file an appeal. *See* Iowa R. App. P. 6.101(1)(b) ("A notice of appeal must be filed within 30 days after the filing of the final order or judgment."). "If a deadline is missed, even by a single day, the court has no jurisdiction to hear the appeal." *Concerned Citizens of Se. Polk Sch. Dist. v. City Dev. Bd.*, 872 N.W.2d 399, 402 (Iowa 2015). Roland resists and requests a delayed appeal, complaining that the clerk of court failed to notify him of the order denying his request for waiver of jail fees.[1] *See* Iowa R. Civ. P. 1.442(6) (providing the clerk shall serve notice of order or judgment on each party). Despite the district court's statement that "The Clerk of Court sent notification to the defendant's last address on file with the Clerk of Court" of its order denying Roland's motion to waive jail fees, no evidence supports that statement in the court file. The "Copies to:" section was left blank on the order denying Roland's request to waive jail fees. So for purposes of this appeal, we assume the clerk did not notify Roland of the order.

But failure by the clerk to provide notice of a ruling will not excuse an untimely appeal. *See* Iowa R. Civ. P. 1.442(6) ("Lack of notice of the entry by the

---

[1] The supreme court ordered "the motion to dismiss and request for delayed appeal shall be submitted with the appeal."

clerk does not affect the time to appeal or relieve or authorize the district court to relieve a party for failure to appeal within the time allowed.").  Even so, our rules also provide that the time to file a notice of appeal may be extended when it is determined "the clerk of the district court failed to notify the prospective appellant of the filing of the appealable order or judgment."  Iowa R. App. P. 6.101(5).  The time to file such a motion is limited to "no later than 60 days after the expiration of the original appeal deadline as prescribed in rule 6.101(1)(a) or (b)."  *Id.*  Roland missed this deadline too—by three months.

"The time limitations for the filing of notice of appeal to this court are jurisdictional in both civil [and] criminal cases."  *Swanson v. State*, 406 N.W.2d 792, 792 (Iowa 1987).  Ordinarily failure to timely file notice of appeal deprives us of appellate jurisdiction, and we are duty bound to dismiss an untimely appeal.  *See, e.g.*, *Robco Transp., Inc. v. Ritter*, 356 N.W.2d 497, 498 (Iowa 1984).  But that does not end the matter here.

A delayed appeal may be granted "where it appears that state action or other circumstances beyond the appellant's control have frustrated an intention to appeal."  *Swanson*, 406 N.W.2d at 793.  "It is limited to those instances where a valid due process argument might be advanced should the right of appeal be denied."  *Id.*  Whether a delayed appeal should be granted depends on the circumstances of the case.  *State v. Anderson*, 308 N.W.2d 42, 46 (Iowa 1981).

Roland complains the clerk of court failed to notify him of the order denying his request to waive jail fees.  He claims his delay in appealing was because of circumstances beyond his control—he "was in prison and subject to the restrictions of the institution at Newton."  He does not explain what those circumstances were.

He raises various due process arguments, but do the circumstances here warrant a delayed appeal? We think not.

The delayed appeal standard is "strictly circumscribed." *In re A.B.*, ___N.W.2d ___, ___, 2021 WL 1227808, at *8 (Iowa 2021). It is limited to those cases in which the individual clearly intended to appeal and the failure to perfect the appeal was outside the person's control. *See, e.g.*, *Anderson*, 308 N.W.2d at 46; *Horstman v. State*, 210 N.W.2d 427, 429 (Iowa 1973); *State v. Wetzel*, 192 N.W.2d 762, 764 (Iowa 1971). Without deciding whether Roland met these delayed appeal prerequisites, we note the limitation that "an untimely appeal should be allowed to proceed only if the resulting delay is no more than negligible." *A.B.*, ___ N.W.2d at ___, 2021 WL 1227808, at *8. Roland's notice of appeal was filed seven months after the order denying his request to waive jail fees was denied—six months after the rule 6.101(1)(b) deadline passed and four months after the rule 6.101(5) deadline passed. These months of delay can hardly be called "negligible." We therefore deny Roland's application for a delayed appeal.

Because Roland's appeal is untimely, we are without jurisdiction to entertain it. *See Hays v. Hays*, 612 N.W.2d 817, 818-19 (Iowa Ct. App. 2000) (noting that the rule that appellate court is without jurisdiction to consider appeal filed after thirty-day period "holds true even where, through the negligence of the clerk, the parties are notified of the entry of an order beyond the time for appeal" and that "[a] direct appeal, taken at the time notice of the order is received, but outside the thirty-day period, is doomed to failure by Iowa Rule of Civil Procedure [1.442(6)]"). We therefore grant the State's motion to dismiss.

**APPEAL DISMISSED.**