# IN THE SUPREME COURT OF IOWA

No. 19–2016

Submitted April 8, 2021—Filed June 18, 2021

**JOHN LEWIS ARTHUR ANDERSON,**

Appellant,

vs.

**STATE OF IOWA,**

Appellee.

___

Appeal from the Iowa District Court for Polk County, Joseph W. Seidlin, Judge.

Appellant untimely appeals postconviction court's summary judgment denial of his application for postconviction relief. **APPEAL DISMISSED.**

Appel, J., delivered the opinion of the court, in which all justices joined.

Randall L. Jackson (argued) of Law Office of Randall L. Jackson, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Louis S. Sloven (argued), Assistant Attorney General, John P. Sarcone, County Attorney, and James Hathaway, Assistant County Attorney, for appellee.

**APPEL, Justice.**

John Anderson appeals the postconviction court's summary judgment denial of his third application for postconviction relief. Anderson's appeal was untimely filed, and he requests a delayed appeal. For the foregoing reasons, we deny the delayed appeal and dismiss the case for lack of jurisdiction.

## I. Background Facts and Procedural History.

On April 12, 2010, Anderson was convicted of first-degree burglary and first-degree robbery in the Iowa District Court for Polk County. During the jury trial, six witnesses testified about Anderson's involvement with the offense. Anderson was sentenced to two twenty-five-year sentences to be run concurrently.

Anderson appealed his conviction to the court of appeals, arguing that his counsel was ineffective for failure to object to a jury instruction that did not include as a matter of law that several people who testified against him were accomplices. *State v. Anderson*, No. 10–0802, 2011 WL 2419797 at *2 (Iowa Ct. App. June 15, 2011). The court of appeals determined that Anderson could not demonstrate ineffective assistance of counsel because he could not show with reasonable probability that if his counsel objected to the instruction that the outcome of the trial would have been different. *Id.* at *4.

Anderson filed his first application for postconviction relief in the Iowa District Court for Polk County on February 20, 2012, raising several ineffective-assistance-of-counsel claims. The postconviction court rejected Anderson's claims and denied his application. The court of appeals affirmed. *Anderson v. State*, No. 13–0057, 2013 WL 6662514, at *1 (Iowa Ct. App. Dec. 18, 2013).

Anderson filed a second postconviction-relief application on January 9, 2015, raising new arguments that his first postconviction-relief counsel was ineffective and alleging that evidence of material fact existed that had not been previously presented to the court that required vacating his sentence in the interest of justice. The postconviction court ruled that the application was time-barred by the statute of limitations. The court of appeals affirmed and said Anderson could not point to any specific facts or law that could not have been raised within the applicable statute of limitations to justify an exception. *Anderson v. State*, No. 15–1809, 2016 WL 7403738, at *1 (Iowa Ct. App. Dec. 21, 2016).

In this case, we consider Anderson's third application for postconviction relief. Anderson filed the application with the postconviction court on June 22, 2018. The State filed a motion for summary judgment arguing that all of Anderson's claims were barred by the statute of limitations and that there was no exception for the delayed claims. In Anderson's resistance, he argued that the claims involved newly discovered evidence and therefore were not subject to summary judgment.

On May 16, 2019, the postconviction court granted the State's motion for summary judgment on Anderson's third application for postconviction relief. The postconviction court ruled that the claims were barred by the statute of limitations.

Anderson filed a handwritten "motion for belated appeal" on November 21, 2019. The motion claimed that "counsel was ineffective for failing to file notice of appeal when State was granted summary judgement." Anderson's motion also stated that he instructed his counsel "on numerous occasions" to fix the mistake but that counsel "failed to uphold the task."

Anderson's motion did not include specifically when he learned that counsel had made the mistake or why he waited six months to file a motion for belated appeal. At our direction, Anderson's attorney, Nicholas Einwalter, submitted a statement that said summary judgment was entered on May 16, 2019, that counsel did communicate with Anderson after the ruling on May 31 and inquired whether Anderson wanted to appeal, that Anderson did want to appeal, and that counsel "subsequently miscalculated the filing deadline, and did not realize the error until after that deadline had passed. There is no excuse for this error."

The State filed a resistance to Anderson's motion arguing that the deadline to file a notice of appeal is jurisdictional. We ruled that on appeal we would review both the jurisdictional issue and the issue of whether a delayed appeal should be granted.

## II. Delayed Appeals in Postconviction-Relief Matters.

The issue of the timeliness of appeals is jurisdictional for civil and criminal cases. *See Swanson v. State*, 406 N.W.2d 792, 792 (Iowa 1987). The failure to timely appeal generally terminates appellate jurisdiction. *Jensen v. State*, 312 N.W.2d 581, 582 (Iowa 1981). However, under certain circumstances, we have granted delayed appeals

> where it appears that state action or other circumstances beyond appellant's control have frustrated an intention to appeal . . . [and] the denial of a right of appeal would violate the due process or equal protection clause of the fourteenth amendment to the federal constitution.

*Swanson*, 406 N.W.2d at 792–93.

Our grant of delayed appeals has mostly been reserved to direct appeal of criminal cases. *See, e.g., State v. Anderson*, 308 N.W.2d 42, 44 (Iowa 1981); *Horstman v. State*, 210 N.W.2d 427, 430 (Iowa 1973); *State v. Wetzel*, 192 N.W.2d 762, 764–65 (Iowa 1971). This term we determined

delayed appeals may be appropriate in termination-of-parental-rights cases depending on the circumstances. *In re A.B.*, 957 N.W.2d 280, 291–93 (Iowa 2021). We have also stated that "[t]he same federal constitutional considerations which have forced us to recognize delayed appeals in criminal cases are potentially applicable in some civil settings." *Swanson*, 406 N.W.2d at 792 n.1. But we have not decided whether or under what circumstances a delayed appeal might be available in postconviction-relief actions.

In this case, however, it is not necessary to address the availability of delayed appeal in postconviction relief. For even if delayed appeal were available, it is not available here under the facts presented.

In analyzing Anderson's request for a delayed appeal, we are constrained by the evidence provided in the record. Anderson's attorney, Einwalter, indicated in an affidavit that Anderson intended to appeal and that Einwalter miscalculated the deadline and failed to appeal before the deadline.

Typically, however, a delayed appeal will not be granted for more than mere "negligible" delay. *In re A.B.*, 957 N.W.2d at 293. Anderson waited six months after learning of his attorney's failure to timely file a notice to appeal before filing his motion for delayed appeal. There is authority for the proposition, however, that a six-month delay is not a per se unreasonable length of time to be granted a delayed appeal, but for any extended delay, the appellant must justify the reason for the length of time it took to initiate the untimely appeal. *See Brown v. State*, 101 P.3d 1201, 1204 (Kan. 2004) (allowing belated appeal of postconviction-relief ruling over two years after original ruling because attorney neither informed his client of the outcome of the postconviction-relief hearing nor told the client of any right to appeal); *In re Babson*, 107 A.3d 339, 341–42

(Vt. 2014) (allowing belated appeal of postconviction-relief ruling after five-month delay because "[t]he failure here is not simply of the assigned PCR counsel to timely file a notice of appeal but of the whole system thereafter to protect petitioner's rights"); *cf. Holland v. Florida*, 560 U.S. 631, 651–52, 130 S. Ct. 2549, 2563–64 (2010) (discussing that "garden variety" neglect such as deadline miscalculation may not be sufficiently egregious to warrant equitable tolling but certain behaviors such as an attorney's failure to turn over client files, not responding to client communications, or misleading comments may permit equitable tolling). Under the record as presented, we cannot determine whether Anderson has reason to justify the six-month delay.

Other jurisdictions dealing with whether to grant delayed appeals have remanded to the district court when factual issues are missing or are incomplete rather than resolving the issue with an incomplete record. *See Beard v. Warden of Md. Penitentiary*, 128 A.2d 426, 427 (Md. 1957) (remanding to trial court for determination of whether petitioners allegations were true and would warrant a delayed appeal); *Austin v. State*, 409 S.E.2d 395, 396 (S.C. 1991) (per curiam) (remanding to determine whether petitioner requested and was denied opportunity for appellate review of postconviction ruling); *see also United States v. Garrett*, 402 F.3d 1262, 1267 (10th Cir. 2005) (remanding to determine fact of whether the defendant actually requested the attorney file a notice of appeal before the court of appeals would grant a certificate of appeal); *Collier v. State*, 834 S.E.2d 769, 781 (Ga. 2019) (vacating district court's denial of motion for out-of-time direct appeal and remanding to determine whether "failure to timely pursue an appeal was actually the result of his counsel's deficient performance").

We think in most cases, a six-month delay is far too long to permit a delayed appeal. The time permitted to appeal is thirty days, and permitting an appeal many months outside that time frame is highly problematic. Yet, as some of the above cases show, it is conceivable that in an unusual case there may be extraordinary circumstances that permit such a delayed appeal.

Here, however, Anderson has stated that he contacted counsel "on numerous occasions" and that counsel "failed to uphold the task." He does not ask for a remand but has instead stood on the record made in his application for delayed appeal. The papers before us do not explain why it took *six months* after the deadline to file the appeal. Anderson has established that he timely advised counsel that he wanted to appeal and that his lawyer failed to file a timely appeal or fix the problem. His explanation might be sufficient to support a delayed appeal a few days after the applicable deadline. But he has not explained why it took six months to file the appeal. And, he has not asked for a remand to develop the record on the question.

On the present record, Anderson has not presented us with a basis to grant a delayed appeal *six months* after the deadline. As a result, based on the facts and circumstances presented here, we deny the application for delayed appeal and dismiss the matter for want of jurisdiction.

**III. Conclusion.**

For the above reasons, we deny the delayed appeal and dismiss the case for want of jurisdiction.

**APPEAL DISMISSED.**