# IN THE COURT OF APPEALS OF IOWA

No. 20-1631
Filed May 25, 2022

**WILLIE JAMES JEFFRIES,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.

Postconviction applicant appeals the denial of relief. **APPEAL DISMISSED.**

Gary Dickey of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee State.

Considered by Tabor, P.J., and Greer and Ahlers, JJ.

**TABOR, Presiding Judge.**

Willie Jeffries, who is serving a life sentence, appeals the summary dismissal of his seventh petition for postconviction relief (PCR), contending the district court wrongfully determined his claims were time-barred. But because his notice of appeal was untimely, we cannot reach the merits of his challenge and instead dismiss for lack of jurisdiction.

The postconviction court summarized the nearly forty years of procedural history leading to this action:

> Jeffries was convicted of sexual abuse in the first degree on May 6, 1985. He pursued a direct appeal of the conviction, and the conviction was affirmed on January 11, 1988.
> Jeffries filed his first and second applications for postconviction relief [PCR] seven years later, in 1995.[1] Both applications were dismissed as time-barred in 1997. He filed his third and fourth PCR applications in 2000. Both were dismissed as time barred in 2004. He filed his fifth PCR application in 2007. That application was dismissed as time-barred in 2010. He filed his sixth PCR application in 2013. That application was dismissed as time-barred in 2014.
> On April 4, 2019, Jeffries filed his application in this case. He seeks a new trial based upon ineffective assistance of prior counsel.

In July 2019, the State moved for summary dismissal. On October 28, 2019, the postconviction court dismissed Jeffries's petition. Two days later, Jeffries's attorney, Raya Dimitrova, sent him a letter with mixed messages.[2] On the one

---

[1] Between Jeffries's direct appeal and first PCR petition, he filed two writs for habeas corpus in federal court. By 1992, the Eighth Circuit had affirmed the dismissal of both actions. *See Jeffries v. Nix*, No. 91-3782SI, 1992 WL 323471, at *1 (8th Cir. 1992) (per curiam).

[2] In whole the letter stated:
> Enclosed, please find copies of the Ruling on Motion for Summary Disposition and Statement of Costs I have received on your behalf regarding the above-referenced case.

hand, the letter referenced the court's ruling[3] and a statement of costs incurred. But on the other hand, it inadvertently listed an upcoming February 18, 2020 court date, which was no longer scheduled. In December 2019, Dimitrova moved to "withdraw as counsel due to the case being closed." The court granted that motion.

But come February 2020, Jeffries called Dimitrova's office to ask about the court date. In response to that call, she sent him a second letter, again enclosing the October 2019 dismissal ruling. Within a week, Jeffries contacted the district court, complaining that counsel "lied" to him and asking for an investigation of counsel's actions, for a rehearing, and for a chance to appeal. After receiving that pro se filing, the court appointed attorney Gary Dickey to represent Jeffries in May 2020. Two months later, the court asked Dickey to file a status update by September 14 on Jeffries's pro se "motion to investigate counsel's actions and give applicant an opportunity to be heard." Two months after the court's deadline, attorney Dickey moved for a hearing "to make a record" on an alleged breach of duty by attorney Dimitrova in failing to notify Jeffries of the status of his case and on Jeffries's right to appeal.

The court granted that request and held a hearing in early December 2020. Dimitrova was the only witness. She acknowledged that including the court date in the October 2019 letter to Jeffries was "a mix up" by her office. But she testified

___

The next upcoming court date in your legal matter is scheduled for February 18th, 2020 at 9:00 a.m. in Room 406 of the Polk County Courthouse.
Should you have any questions, please contact my office.

[3] Dimitrova also enclosed the court's order. That order ended: "IT IS THE ORDER OF THE COURT that the State's Motion for Summary Disposition is GRANTED. The Application for Postconviction Relief is dismissed in its entirety. Costs are assessed to the Applicant."

that despite the invitation to contact her office if he had questions, Jeffries never called to ask about the dismissal. As for advising Jeffries about appeal deadlines, she testified that she had a phone call with Jeffries soon after the dismissal. But whether they discussed an appeal was unclear from her notes. At base, Dimitrova did not "have any reason to doubt" that she advised Jeffries of his right to appeal. Yet she did not have "any independent recollection" of doing so.

One day after the hearing, the court issued an order interpreting Jeffries's February 2020 letter as a motion for delayed appeal. The court then advised that a post-trial motion was not the proper vehicle to seek a delayed appeal and that Jeffries must apply to the Iowa Supreme Court for permission to bring a belated challenge. One week later, attorney Dickey filed a notice of appeal from the October 2019 dismissal. On the same day, he sought leave from the supreme court to pursue a delayed appeal. The supreme court ordered the appeal to proceed to briefing and directed the parties to address the jurisdictional issue in their briefs. In March 2022, the supreme court transferred the appeal to our court.

"Failure to appeal on time is a jurisdictional defect." *Jensen v. State*, 312 N.W.2d 581, 582 (Iowa 1981). Appellate courts have the inherent power to decide whether they have subject matter jurisdiction over an appeal. *State v. Davis*, 969 N.W.2d 783, 785 (Iowa 2022). Since the jurisdictional question is before us, we must examine the grounds for granting a delayed appeal before reaching the merits. *See id.*

We start with the appellate rule. Would-be appellants have thirty days from judgment to file a notice of appeal. *See* Iowa R. App. P. 6.101(1)(b). Judgment—

here, summary dismissal of Jeffries's application—occurred on October 28, 2019. He filed his notice of appeal on December 10, 2020—409 days after the dismissal.

Why so late? In briefing the jurisdictional issue, Jeffries blames attorney Dimitrova's misleading advice. He points to the flawed letter she sent in October 2019 that mentioned a court date that was no longer on the calendar. He also underscores her uncertainty about advising him of his right to appeal. And he notes that she did not file a notice of appeal on his behalf before withdrawing from his representation. Under those circumstances, he asks us to exercise our "inherent authority to grant delayed appeals" because "circumstances beyond [his] control have frustrated an intent to appeal." *Swanson v. State*, 406 N.W.2d 792, 793 (Iowa 1987).

In response, the State asserts our authority to grant a delayed appeal is "case-specific and context-dependent." Also citing *Swanson*, the State urges that exercising jurisdiction is proper only when "the denial of a right of appeal would violate the due process or equal protection clause of the fourteenth amendment to the federal constitution." *Id.*

The State's assertion tracks our supreme court's recent description of the landscape for granting delayed appeals:

> Our grant of delayed appeals has mostly been reserved to direct appeal of criminal cases. *See, e.g.*, *State v. Anderson*, 308 N.W.2d 42, 44 (Iowa 1981); *Horstman v. State*, 210 N.W.2d 427, 430 (Iowa 1973); *State v. Wetzel*, 192 N.W.2d 762, 764–65 (Iowa 1971). This term we determined delayed appeals may be appropriate in termination-of-parental-rights cases depending on the circumstances. *In re A.B.*, 957 N.W.2d 280, 291–93 (Iowa 2021). We have also stated that "[t]he same federal constitutional considerations which have forced us to recognize delayed appeals in criminal cases are potentially applicable in some civil settings." *Swanson*, 406 N.W.2d at 792 n.1. But we have not decided whether

or under what circumstances a delayed appeal might be available in postconviction-relief actions.

*Anderson v. State*, 962 N.W.2d 760, 762 (Iowa 2021).[4]

Despite that tease, the supreme court did not decide in *Anderson* whether delayed appeals were an option in PCR cases. *See id.* at 763 ("[I]t is not necessary to address the availability of delayed appeal in postconviction relief. For even if delayed appeal were available, it is not available here under the facts presented."). Instead, *Anderson* emphasized that even in those categories of cases allowing delayed appeals, appellate courts typically will not grant a jurisdictional exception when the lateness in filing a notice of appeal was more than "negligible."[5] *Id.* (citing *In re A.B.*, 957 N.W.2d at 293). Anderson waited six months after discovering his attorney's failure to file a timely notice of appeal, and did not offer an explanation sufficient to justify that lag. *Id.* at 763–64. The court reasoned, "We think in most cases, a six-month delay is far too long to permit a delayed appeal." *Id.* at 763. In the end, the court dismissed the PCR appeal for want of jurisdiction. *Id.* at 764.

We take the same tack here. Even assuming Dimitrova's error excused Jeffries's untimeliness until February 2020, when she sent him a second letter, notice of appeal wasn't filed until December 2020—ten months later. And even if

---

[4] *Anderson* was decided after Jeffries filed his appellant's proof brief and before the State filed its appellee's brief. *See* Iowa R. App. P. 6.904(4)(b) (limiting permissible changes to proof brief to record citations and typographical errors). Jeffries did not file a reply brief. *See* Iowa R. App. P. 6.903(4).

[5] In a trio of recent cases, the supreme court carved out an exception when Iowa Code section 814.6A(1) nullified otherwise timely pro se notices of appeal. *See State v. Newman*, 970 N.W.2d 866, 868–69 (Iowa 2022) (bypassing negligibility analysis); *State v. Jackson-Douglass*, 970 N.W.2d 252, 254–55 (Iowa 2022) (same); *Davis*, 969 N.W.2d at 787–88 (same). But unlike those cases, this is not a criminal appeal and Jeffries did not file a timely notice of appeal.

we did not expect Jeffries, acting without counsel, to file a notice of appeal, new counsel was appointed in May 2020.  After appointment of counsel, another seven months elapsed before Jeffries sought a delayed appeal.  In fact, it was the district court that acted as a ticker system, prodding Jeffries's counsel in July 2020 to provide a status update by September 2020.  Even then, the next filing in the record was not a notice of appeal, but a motion for hearing filed in November 2020.  Bottom line, Jeffries's explanation for missing the appeal deadline does not justify the extreme tardiness.  *See Anderson*, 962 N.W.2d at 764 ("Anderson has established that he timely advised counsel that he wanted to appeal and that his lawyer failed to file a timely appeal or fix the problem.  His explanation might be sufficient to support a delayed appeal a few days after the applicable deadline.  But he has not explained why it took six months to file the appeal.").

Because Jeffries has not presented us with a sound basis to grant a delayed appeal so far beyond the deadline, we must dismiss for want of jurisdiction.

**APPEAL DISMISSED.**