## IN THE COURT OF APPEALS OF IOWA

No. 24-1005
Filed December 4, 2024

**IN THE INTEREST OF I.T., S.T., and T.T.,**
**Minor Children,**

**STATE OF IOWA,**
    Petitioner-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Susan Cox, Judge.


The State requests a delayed appeal from an order terminating parental

rights. **APPEAL DISMISSED.**



Brenna Bird, Attorney General, and Michelle R. Becker, Assistant Attorney

General, for appellant State.

Nicole Garbis Nolan, Youth Law Center, Des Moines, attorney and guardian

ad litem for minor children.


Considered by Schumacher, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

The State appeals an order terminating parental rights, challenging the juvenile court's failure to appoint the Iowa Department of Health and Human Services as the children's guardian.[1]  But the late filing of the petition on appeal impedes us from addressing the merits of its claim.  Finding no authority to grant the State's request for a delayed appeal, we dismiss the appeal for lack of jurisdiction.

### I. Procedural Background.

The State filed a notice of appeal two days after the juvenile court entered the termination order.  It filed a petition on appeal sixteen days later, one day after it was due.  *See* Iowa R. App. P. 6.201(1)(b) (requiring that the petition "be filed with the clerk of the supreme court within 15 days after the filing of the notice of appeal with the clerk of the district court" and stating "[t]he time for filing a petition on appeal will not be extended").  The supreme court ordered the State to explain why the appeal should not be dismissed.  Iowa R. App. P. 6.201(3) ("If the petition on appeal is not filed with the clerk of the supreme court within 15 days after the filing of a notice of appeal . . . , the supreme court will dismiss the appeal, and the clerk will immediately issue procedendo.").  In its response, the State explained that counsel confused the deadline with one in a separate appeal.  It asked the court to allow a delayed appeal, noting that its prompt filing of the notice of appeal showed an intent to appeal.  It also argued the delay was not prejudicial because

---

[1] The State petitioned for writ of certiorari challenging two earlier orders from the juvenile court that limited the department's custodial authority for the youngest child.  The supreme court granted the petition in a separately docketed case pending before this court.

it filed the petition well before the date it would have been due had it waited a full fifteen days to file its notice of appeal. The supreme court ordered the State's request submitted with the appeal before transferring it to this court.

### III. Delayed Appeal.

The supreme court recently recognized a parent's right to a delayed appeal in termination-of-parental-rights cases. *See In re A.B.*, 957 N.W.2d 280, 292 (Iowa 2021). Following the line of criminal cases recognizing a criminal defendant's right to delayed appeal, it held that parents contesting termination have a right to a delayed appeal if three conditions are met. *Id.* First, a delayed appeal is permissible only if "the parent clearly intended to appeal." *Id.* Second a delayed appeal may be permitted if "the failure to timely perfect the appeal was outside of the parent's control." *Id.* Third, "an untimely appeal should be allowed to proceed only if the resulting delay is no more than negligible." *Id.* The State contends it meets the criteria because: (1) "the promptness of the State's Notice of Appeal here is clearly indicative of the intent to appeal"; (2) "the explanation . . . establishes that the delay is solely attributable to the . . . attorney for the State"; and (3) "the one-day delay here is negligible."

Although the State meets the criteria set out in *A.B.*, "a delayed appeal is not a matter of discretion but 'is limited to those instances where a valid due process argument might be advanced should the right of appeal be denied.'" *Id.* at 290 (quoting *Swanson v. State*, 406 N.W.2d 792, 793 (Iowa 1987)). Termination of parental rights "clearly implicates protected liberty interests for parents to which due process protections attach." *Id.* at 291. To date, the cases granting delayed appeal in termination cases involve only a parent's delayed appeal of a termination

order.[2]  *See, e.g.*, *In re T.F.*, 972 N.W.2d 1, 7–8 (Iowa 2022); *In re W.T.*, 967 N.W.2d 315, 318–22 (Iowa 2021); *In re W.M.*, 957 N.W.2d 305, 316–17 (Iowa 2021).

The State is not in the same position as a parent whose parental rights have been terminated.  The issue before us is not one in which "the denial of a right of appeal would violate the due process or equal protection clause of the fourteenth amendment to the federal constitution."  *Swanson*, 406 N.W.2d at 793.  Because those concerns are not present, the State is not entitled to a delayed appeal.  "The deadline for filing a notice of appeal remains mandatory . . . ."  *Jones*, 981 N.W.2d at 147.  Because the State's appeal is untimely, we dismiss it under rule 6.201(3) for lack of jurisdiction.

**APPEAL DISMISSED.**

---

[2] We cannot find any cases involving a non-parent's request for delayed appeal or one by a parent from an order that does not dispositively end future involvement with the child.  We are also unaware of any criminal cases involving a request delayed appeal by the State.  Recently, the supreme court held that "[d]ue process does not require a right to a delayed appeal in postconviction proceedings" because "the defendant has already been convicted in the criminal proceedings with full due process protections."  *Jones v. State*, 981 N.W.2d 141, 147 (Iowa 2022).